In the Matter of the Estate of WILLIE T. HURD, Deceased.

Surrogate's Court, New York County, February 5, 1937.

*Lewis A. Ackley,* for the petitioner.

*J. Stanley Preston, pro se* and as attorney for the respondent, Jennie B. Hawkins.

DELEHANTY, S.   In this discovery proceeding petitioner seeks to establish estate title to stock certificates issued to and now standing in the name of deceased.   At the time of death deceased did not possess these securities.   They were possessed by respondent who asserts title to them.   The stock certificates are unindorsed.

Petitioner rested after having marked in evidence the stock certificates in controversy.   They were produced in court by respondent who upon the trial reasserted her title while handing the certificates to the clerk for use as exhibits.   Under the authorities hereafter cited it is quite doubtful whether petitioner at that point had made even a *prima facie* case since petitioner's own case established possession by respondent.   However, the motion to dismiss the proceeding was denied and respondent put to her proof.   That proof established beyond doubt that she had put into the hands of deceased a very substantial amount of money — far in excess of the value of the securities here in issue.   She showed that the stock certificates in controversy had been placed by deceased himself in her safe deposit box over which deceased had a power of attorney.   She showed declarations by deceased of his indebtedness to her.   All of this proof was presented by others than respondent.   She sought to testify but on objection to her competeney was unable to do so.

Petitioner in rebuttal endeavored to explain a memorandum in deceased's handwriting found in respondent's box and referring to a use of 300 shares of a certain stock in connection with a $3,000 loan.   Petitioner's proof showed that the loan was made to deceased on the security of 350 shares and that 300 shares were sold to pay the principal of the loan.   The numbers of the certificates so used on the loan are significant.   In respondent's box are certificates having numbers 31543 to 31547, except for 31546, and that is the number of one of the certificates sold to pay the loan.   The proof shows that in respondent's box were certificates numbered 33147 and 33150.   The certificates sold to pay the loan were numbered 33148 and 33149.   The proof shows that in respondent's box was a certificate numbered 70351.   The proof shows that certificates sold to

pay the loan were numbered 70349, 70350 and 70352. There is no explanation for deceased leaving a memorandum in respondent's box referring to 300 shares (the exact number sold by the bank to pay deceased's loan) unless it be a memorandum accounting for his use of respondent's property.

The fact that the shares are unindorsed does not make proof of petitioner's title. In a case which was much more favorable to the person named as stockholder than this, the Court of Appeals said: " The certificates of stock  *  *  *  although unindorsed  *  *  *  were susceptible of transfer by a manual delivery." (*Miller* v. *Silverman,* 247 N. Y. 447.) In that case the registered owner of the stock had a safe deposit box and in it had these certificates of stock registered and issued in his name. They were inclosed in an envelope on which was indorsed in his writing that they belonged to a named person, the plaintiff in the cited case. The question presented was whether that declaration of ownership was sufficient to establish transfer of the title to unindorsed shares. The court held that the plaintiff had made a *prima facie* case. In the case here for decision the shares are not in the registered owner's possession but in respondent's. The registered owner's personal act of delivering them to respondent's box was at least as effective in evidencing a transfer of title as was the declaration on the envelope in the cited case. In the cited case there was the mere declaration though possession was retained by the registered owner. In the case here there is not only delivery to respondent but actual possession by her as well when this proceeding was initiated and when deceased died. That title to unindorsed instruments may be transferred by mere delivery is established. (*Lipten* v. *Columbia Trust Co.,* 194 App. Div. 384, 391, and cases there cited; *Wangner* v. *Grimm,* 169 N. Y. 421.) Such delivery of an unindorsed instrument carries with it an implied and an irrevocable power of attorney to do the things necessary in completing the transfer. The difficulties in effecting a transfer do not affect the title.

The maximum that can be said for the case of petitioner is that some shadow of a doubt might remain whether the shares are respondent's or belonged to deceased. That is not enough since petitioner was bound on the whole case to show title in the estate by at least a preponderance of the evidence. At the close of the testimony the court ruled that petitioner had failed to make a case after both parties had moved for a directed verdict. The court directed a verdict in favor of respondent and in accordance therewith a decree may now be submitted, on notice, adjudging title to be in respondent of the securities which were marked in evidence as petitioner's Exhibits 1 to 20, inclusive.