George Frankenthaler, S.
This proceeding is brought pursuant to section 206-a of the Surrogate’s Court Act, by the testator’s daughter to compel the delivery to her of a stamp collection which she asserts became her property by way of gift from her father in his lifetime. The proof of the alleged gift consists of declarations of the testator that the collection belonged to the petitioner and the additional fact that the particular room in the testator’s apartment in which the collection was kept was occupied on occasions by the petitioner and was referred to by the family as her room. It is contended that this proof establishes the three essential elements of a gift viz., a donative intent on the part of the donor, a delivery of the subject of the gift to the donee and acceptance of the gift by the donee (Beaver v. Beaver, 117 N. Y. 421, 428).
Declarations of a deceased donor can constitute evidence of both donative intent and delivery and such evidence, if not outweighed by evidence of other facts, can establish title in the donee (Miller v. Silverman, 247 N. Y. 447; Govin v. de Miranda, 140 N. Y. 474). Isolated statements of this testator are indicative of a gift but such statements lose any such effect when considered with other declarations of the testator and when examined in connection with his handling of the property in dispute. The entire course of conduct of the testator in purchasing and selling stamps discloses a careful plan to avoid disclosure of his financial interests in those transactions. He was engaged in business as a philatelist although he chose to keep his participation in that business a secret. While he purchased stamps in the petitioner’s name he insured the stamps in the name of himself and another person who concededly had no interest in them. The testator’s operations in the names of other persons and his efforts to conceal his true interests in these dealings render his disclaimers of ownership valueless as proof of ownership by another person and deprive his purported declarations of gift of any true donative intent.
Neither do the facts establish a delivery of property to the petitioner. The stamps in question were kept in locked cabinets located in one room of the testator’s apartment. This room had been occupied as a bedroom by the petitioner but during the period when the gift is alleged to have been made the petitioner was a student at a college in Louisiana and the room was used by her only during the Christmas recess and for a number of *558 days during her summer vacation. There was evidence that at other times the room was availed of by the testator and his wife and was used by guests. The bed in the room has been described as a day bed or divan and the furnishings of the room permitted its use as a den, card room or television room. The keys to the cabinet were kept by the testator who removed and replaced stamps at will and at no time was the petitioner aware of the number or the identity of the stamps contained in the collection. The latter’s long delay in asserting her indefinite claim to the collection is at least indicative of some uncertainty on her part as to her interest in the collection.
It is held that the petitioner has failed to establish ownership of the property and her petition is dismissed on the merits. Because of such deficiency of proof neither the testimony of the attorney for the respondent nor the exhibit offered in evidence in connection with such testimony has been influential in the determination of the issue of ownership (cf. Matter of Bisconti, 306 N. Y. 442, 446) but the exhibit and any communication from the testator to the witness regarding the exhibit were not within the prohibitions of section 353 of the Civil Practice Act, inasmuch as it is apparent that the purpose of that document was to enable the witness to use the information and to impart it to others after the testator’s death (Rosseau v. Bleau, 131 N. Y. 177, 183).
Submit decree on notice.