Abbaham B. Mabgtjlies, J.
Plaintiff wife, a customer in the King Kullen Grocery Company, Inc. store, was injured by the explosion of a beverage bottle containing Pepsi Cola. The bottle in question was on the shelves of the defendant, King Kullen, when it exploded. It appears that the beverage was bottled by the defendant, Pepsi Cola Metropolitan Bottling Company, Inc., and then delivered to the defendant, King Kullen, at its place of business. Plaintiff wife sustained injury to face resulting in scar.
The basis for the general rule that a manufacturer of a bottle or the bottler that fills it with charged soda water may be held responsible to an ultimate consumer by reason of negligence has been established by two leading cases on the subject. (MacPherson v. Buick Motor Co., 217 N. Y. 382; Smith v. Peerless Glass Co., 259 N. Y. 292. Also, see, “ Manufacturers’ Liability to Persons other than their immediate Vendees ”, 24 Va. L. Rev. 134.) As stated in the Smith case (p. 295) wherein the plaintiff was injured by the explosion of a soda water bottle, “ There emerges, we think, a broad rule of liability applicable to the manufacturer of any chattel, whether it be a component part or an assembled entity. Stated with reference to the facts of this particular case, it is that if either defendant was negligent in circumstances pointing to an unreasonable risk of serious *922 bodily injury to one in plaintiff’s position, liability may follow though privity is lacking. ’ ’.
The plaintiff’s theory is that either the defendant, King Kullen Grocery Company, Inc. or the defendant, Pepsi Cola Metropolitan Bottling Company, Inc. was negligent, or both. This negligence may be proved by circumstantial evidence which is described by the courts as res ipsa loquitur. In Foltis, Inc. v. City of New York (287 N. Y. 108, 115) the court defined the words res ipsa loquitur: “ The doctrine of res ipsa loquitur is not an arbitrary rule. It is rather a common-sense appraisal of the probative value of circumstantial evidence. It requires evidence which shows at least probability that a particular accident could not have occurred without legal wrong by the defendant. To negative every possibility that the accident occurred in some extraordinary manner which would exculpate the defendant is often impossible. In the administration of the law we must be satisfied with proof which leads to a conclusion with probable certainty where absolute logical certainty is impossible. We may be constrained to act upon indecisive evidence where complete proof is impossible. Then the logical probative force of the evidence produced is measured, in part, by the test of whether it is the best evidence available.”
This definition was also used in two earlier cases. (Slater v. Barnes, 241 N. Y. 284, and Galbraith v. Busch, 267 N. Y. 230.) Further, as the court said in the Foltis case, “ We must determine whether the rule of res ipsa loquitur may be applied, in accordance with those principles, to the proof tendered in this case; whether, upon ‘ a common-sense appraisal of the probative value ’ of the circumstantial evidence, measured in part by the test of whether it is the best evidence available, inference of negligence is justified.”
There appears to be some confusion surrounding this subject, and it can be said that part of the difficulty is caused by the loose use of terms without adequate definition. The other major problem is the failure of the courts to take into consideration changes in circumstances. The use of the phrase res ipsa loquitur has not met with universal approbation. (Plumb v. Richmond Light & R. R. Co., 233 N. Y. 285.) What may not have been a res ipsa loquitur case years ago may now by reason of present day experiences become one. The earlier cases dealing with aviation took the position that there was not yet such common knowledge and experience of its hazards as to permit such a conclusion from the unexplained crash of a plane. It is only the more recent decisions which have held that the safety *923 records now established justify the application of res ipsa loquitur. (See Prosser, Law of Torts [2d ed.] p. 203.)
There are relatively few reported cases in New York which deal with the doctrine of res ipsa loquitur in the law of exploding beverage bottles, and none where the plaintiff was injured as a result of an exploding beverage bottle which was not handled or touched by the plaintiff. It seems to me that the facts herein fit the standard as set by the court in the Foltis case, namely, a common-sense appraisal of the probative value of the evidence and the probability that a particular accident could not have occurred without the legal wrong by either of the two defendants. The only case suggested by the defendant in New York is Curley v. Ruppert (272 App. Div. 441) decided in 1947 by the Appellate Division, First Department, by a 3 to 2 decision, and is the only case submitted by the defendant, Pepsi Cola, as authority that res ipsa loquitur does not apply if the manufacturer is not in control of the bottle. The defendant, Buppert, had bottled and delivered some cases of beer to a store where plaintiff was an employee, and after several days the plaintiff moved the cases and then proceeded to pick up each bottle, and while handling the 16th bottle it exploded, injuring plaintiff’s eyes.
The majority opinion stressed the necessity of possession and control of the instrumentality. ‘ ‘ In this case the exploding bottle had not been in the exclusive control of the defendant for several days prior to the occurrence, and the defendant did not have exclusive knowledge of the care exercised in its control and management during that period.” (Curley v. Ruppert, supra, p. 443.) This strict and literal application of the formula of res ipsa loquitur has been criticized by leading authorities in the field of torts. (Prosser, Law of Torts [2d ed.], p. 205; 1 Shearman and Bedfield, Negligence [6th ed.], p. 132.)
In other jurisdictions there are many cases where a defendant was responsible under such circumstances. Zentz v. Coca Cola Bottling Co. (39 Cal. 2d 436) where one hour after delivery by the defendant to the plaintiff a bottle of Coca Cola exploded without having been touched by the plaintiff, and in the discussion of this case the court referred to some 50 cases with similar facts; Bradley v. Conway Springs Bottling Co. (154 Kan. 282) and the cases cited therein; Ortego v. Nehi Bottling Works (199 La. 599) where after the defendant’s truck driver left some cases of root beer in the plaintiff’s place of business one of the bottles exploded cutting a plaintiff on her hand without the plaintiff touching the said bottle; Grant v. Graham *924 Chero-Cola Bottling Co. (176 N. C. 256) and the eases cited therein; Riecke v. Anheuser-Busch Brewing Assn. (206 Mo. App. 246) where a plaintiff, an invitee, inspecting the defendant’s factory and while standing some six feet away from a girl who was labeling bottles was injured by the explosion of a bottle.
As the court pointed out in the Zents case, the confusion in the application of the doctrine has been the use of the word “ control ” and what is meant by the requirement that the person charged with negligence should have the exclusive possession and control of the object in question. There should be no requirement for the application of the rule that the defendant is absolved from liability after delivery of the beverage bottle to the premises of the plaintiff. Also as Prosser points out in his Law of Torts (2d ed.) on pages 205 to 206; “ The strict and literal application of this formula has led some courts to ridiculous conclusions * * * and loses sight of the real purpose of the requirement in an attempt to reduce it to a fixed rule. ‘ Control, ’ if it is not to be pernicious and misleading, must be a very flexible term. It is enough that the defendant has the right of control and the opportunity to exercise it. * * * It is enough that he is under a duty which he cannot delegate to another. * * * It would be far better, and much confusion would be avoided, if the idea of ‘ control ’ was discarded altogether, and if we were to say merely that the apparent cause of the accident must be such that the defendant would be responsible for any negligence connected with it.”
It is interesting to note that the minority opinion in the Curley case (272 App. Div. 441, supra) written by Justice Van Vooehis reasons that control is a flexible term and imposes upon the defendant an obligation to go forward with an explanation. Upon the authority of Breen v. New York Cent. & Hudson Riv. R. R. Co. (109 N. Y. 297) wherein the plaintiff, a passenger of the defendant railroad, was injured upon the left arm by a portion of a part of a freight train running on the defendant’s road in the opposite direction, the railroad company was called upon to explain even though it did not manufacture any of the component parts that were used in the operation of the railroad, and even though an injury came about because of latent defects in any of the component parts which in the exercise of reasonable care the defendant railroad would not discover and would be exonerated from liability, but yet would not enjoy an exemption from the operation of the rules of res ipsa loquitur.
In short, as a general rule, the res ipsa loquitur applies where the accident is of such a nature that it can be said in light of past experience that it probably was the result of negligence by *925 someone, and that the defendant is probably the person who was responsible.
The suggestion by counsel for the defendants that the doctrine of res ipsa loquitur is not applicable with respect to a retailer by reason of the cases cited in his memorandum is not borne out by an examination of the cases in question. In Coviello v. Hoffman Beverage Co. (207 Misc. 819) the plaintiff, who was a customer in the defendant’s store, was injured as a result of the bursting of a ginger ale bottle which she had taken from the shelf and was carrying around the store in a cart with other articles. The Appellate Term, after finding error in the Trial Justices’s charge, ordered a new trial because the plaintiff was handling the bottle in question. Rosenblum v. Thatcher Glass Mfg. Co. (22 Misc 2d 201) was a situation where a milk bottle broke while being handled by the plaintiff. Here too the plaintiff was handling the bottle in question, and further, a bottle with milk does not meet the standard set in the Foltis and Smith cases. A bottle of liquid under pressure is different than a bottle of an inert liquid. There is a distinction between a bottle containing a carbonated beverage and a bottle containing milk. Experience has taught us that a bottle of milk does not explode. Someone may hit a bottle of milk and cause it to break, and if so it would be incumbent on the plaintiff to affirmatively show some negligent act on the part of the defendant. Glaser v. Seitz (35 Misc. 341) is a 1901 decision which fails to set forth the facts other than the plaintiff was injured by the explosion of a siphon of seltzer water purchased by the plaintiff from the defendant.
The true holding of the Glaser case appears to be that a vendor of a siphon of seltzer water manufactured by a third party in absence of misconduct on his part is not liable for an explosion of the bottle. No one intends to hold a storekeeper responsible without any negligence on his part. The plaintiff herein does not contend that King Kullen sold the beverage to the plaintiff ,and by reason of such breach of warranty is liable therefor, feather this is a situation where the King Kullen owed a duty of using reasonable care in the maintenance of its premises so as to avoid causing injury to a customer who was invited to come upon the premises. The Court of Appeals imposed such a responsibility in Frontenac v. Great Atlantic & Pacific Tea Co. (297 N. Y. 998), wherein the plaintiff customer while in defendant’s store and standing about one foot away from a shelf containing bottles of laundry bleach was injured when one of the said bottles exploded. Here the court found that a storekeeper that maintained on the shelves a bottle likely to explode has the responsibility of so maintaining the bottle in accordance *926 with established safety standards. Whether the defendant, King Kullen, maintained safety measures is a matter for it to come forward and explain.
This'court is impressed with the article by Justice Harry B. Frank, 6 ‘ A View of the Law of Products Liability ’ ’ published by the New York State Association of Plaintiffs’ Trial Lawyers wherein he says: ‘£ There is no field where the need for judicial flexibility, imagination and adaptability to realities is greater than in that of the products liability law. Science, technology, and mechanical complexity have been advancing at a dazzling pace, but all too often the legal response to such progress has been rigidity and a frustrating adherence to outmoded formulisms and precedents.” (Legal Essays of the Plaintiff’s Advocate, p. 391.) He refers to the doctrine enunicated in MacPherson v. Buick Motor Co. (217 N. Y. 382, supra) and the judicial curtailment of the said doctrine and how courts remained shackled by meaningless technicalities. The same observation can properly be made with respect to the enunciation of the rule in the Foltis case. The holding appears to be very plain to this court that res ipsa loquitur is not an arbitrary rule. It is difficult for this court to see how this particular accident could have occurred without legal wrong by the defendants. It meets all the tests imposed by the said Foltis case. Certainly this is the kind of situation where the defendants, in order to avoid liability, should have been required to come forward with some explanation as to what transpired from the time the beverage was put into the bottle and the time when it found itself on the shelf of the defendant, King Kullen store. It is hard for this court to understand the suggestion in the Curley case (272 App. Div. 441, 444, supra): “ The application of the rule of res ipsa loquitur depends in part on the production by the injured person of the best evidence available to him. Here the fragments of the bottle were in plaintiff’s possession.” It is hard for this court to believe that the law would require an injured plaintiff to go about picking up pieces of an exploded bottle under the circumstances in this case and submit these pieces, if any are obtainable, to an appropriate agency for the purpose of making an inspection and determination as to defects.
The doctrine should not be dismissed where the plaintiff is unable to point out which of the two defendants is responsible for her injury. While it does not appear that either of the two defendants had exclusive possession of the beverage bottle as defined herein, that need not concern anybody, for in the last analysis that is not the question before the court but rather, was there such an accident that either or both of the defendants *927 was responsible for. Exclusive control or management does not necessarily mean exclusive control or management in a single defendant, because several defendants may be in control and burdened with the supervision of the instrumentality. Therefore all or either of the defendants may be liable to the plaintiff depending upon the circumstances. So too if it is equally probable that the negligence was that of someone other than the defendant, the plaintiff need not exclude all other persons who might have been responsible where the defendant’s negligence appears to be the more probable explanation of the accident. The fact that the accident occurs after a defendant relinquishes control does not preclude application of the doctrine provided there is evidence that the instrumentality has not been improperly handled by the plaintiff or some third person after control was relinquished by the defendant.
This does not suggest that the burden of proof shifts in any way by the application of the doctrine, for the burden always remains upon the plaintiff, who must establish by a fair preponderance of the evidence that the defendant was negligent and that negligence caused the injury for which the action was brought.
The foregoing was fully reviewed by the Court of Appeals in the Foltis case wherein it was critical of the opinions of the appellate courts of this State where Judges had used the term inference and presumption indiscriminately and without recognition that an inference and a presumption are not identical in scope or effect. This matter was reviewed earlier at length in Rosenthal’s “Procedural Effects of Res Ipsa Loquitur” (22 Cornell L. Q., 39).
Since sound and properly prepared bottles of carbonated beverages will not explode when carefully bottled and handled, the bottle was probably defective when delivered to the King Kullen store. An internal pressure might have caused the explosion, and the charging of the bottle was entirely within the control of the defendant, Pepsi Cola. Since the explosion may have resulted from a visible defect in the bottle or mishandling by the defendant, King Kullen, the said defendant may be held liable. (Day v. Grand Union Co., 304 N. Y. 821.)
In view of the foregoing, a balance of probabilities points to the negligence of both defendants and I find in favor of the plaintiff wife in the sum of $1,000 and in favor of plaintiff husband in the sum of $56.
# # tt
On December 8, 1961, in the New York Law Journal (p. 18, col. 4) there appeared a decision of the Appellate Term, Second Department, in the case of Perito v. Sunrise Supermarkets Corp.
*928 Although this case is not completely in point, the facts appearing to be that the plaintiff was injured as a result of a beverage bottle having fallen from the shelves of the defendant, Sunrise, breaking on the floor and causing injury to the plaintiff, who was a customer in the store. It was the plaintiff’s theory of liability in the complaint that there was spontaneous bursting of the beverage bottle, but that was not the finding by the court. Bather, that there may have been negligence in the improper handling of the beverage bottle in placing it on the shelf of the supermarket.
The court held that the res ipsa loquitur doctrine was applicable, and cited cases. The dissenting opinion urged dismissal of the complaint because there appeared to be no violation of a duty of reasonable care.