Joseph A. Cox, S.
This discovery proceeding was brought to recover certificates of stock in several corporations together with assets, books and records of the corporations and also other personal property. One of the corporations, Trico Clothing, Inc., was organized in February, 1932 and upon the date of the decedent’s death, April 23, 1957, all of the corporate stock was represented by a certificate for 100 shares issued to respondent Beuben Buck and indorsed by him in blank. This certificate had been issued to replace two other certificates, each for 50 shares and each in the name of Beuben Buck and indorsed by him in blank. At the time of the decedent’s death these certificates were in the possession of the decedent and under his control and the respondent Buck did not have access to them. At or about the time the original certificates were delivered to the decedent the respondent Buck signed a statement that the stock registered in his name was not his property and that he had no interest in said stock.
The respondent Buck contends that the consideration for the stock was provided by him and that he is the owner. The proof tendered in this regard is completely unconvincing. This respondent had no familiarity with the preliminary negotiations or the agreements ultimately consummated with regard to the organization of this corporation and the acquisition of its assets. This respondent seems to have been without means to purchase the stock. The established fact was that the decedent conducted the business in which the corporation was engaged, made all business arrangements and was recognized by all the business employees, including the respondents herein, as the executive head of the business. The persons with whom business dealings were had, including attorneys, treated the decedent as the person operating the business and making the business decisions. It was the decedent’s personal guarantee of corporate obligations that permitted important business arrangements to be accomplished. The respondent Buck had no valid explanation for his indorsement of the certificates, his surrender of control and particularly for his written disclaimer of ownership.
*689 There is evidence that respondent Selma Buck Hirsh had access to the office safe and to the safe-deposit vault in her capacity as deputy or assistant to the decedent but it is doubtful that she had access to the particular compartment of the safe in which the Trico shares were kept. In any event, it is the respondent Beuben Buck who claims these shares and it is clear that the shares were not directly available to him at any time after they came into the decedent’s possession.
The delivery of a stock certificate indorsed in blank by the owner of record is effectual to transfer title to the certificate and the interests represented by the certificate (Mason v. Public Nat. Bank, 262 App. Div. 249, affd. 287 N. Y. 809). In fact title to unindorsed securities may be transferred by delivery (Miller v. Silverman, 247 N. Y. 447, 450; Matter of Hurd, 162 Misc. 283, 285). Here the certificates were in the possession of the decedent, they were indorsed by the record owner and the record owner had executed a statement repudiating ownership and his limited participation in the activities of the business were inconsistent with his now asserted contention that he was the sole owner. The fact that the decedent on the written records concealed his ownership of the stock and that respondent Buck was required to execute all formal documents in connection with corporate affairs indicates nothing more than that this respondent was the nominee of the decedent fulfilling all the tasks of a dummy holder of stock under the complete control and domination of the decedent. This is a bitter family fight and the accusations engendered by ill-feeling do not clarify either the issues or a search for the truth. Concededly the business was conducted in a devious manner and it must be recognized that the decedent resorted to concealment and misrepresentation but, upon all the proof, the conclusions reached are that the decedent was the controlling figure in the business, that he dictated business policy, negotiated business deals, conceived of the involved corporation structure within which business was conducted, that customers regarded him as the operator of the business, that business associates and employees took their orders from him, that respondent Buck executed documents at the decedent’s direction without knowing or caring about the business significance of such documents and that the decedent possessed, controlled and owned the corporate stock (Matter of Baechler, 121 Misc. 691, 694, affd. 215 App. Div. 797; Bradley v. Roe, 282 N. Y. 525; Matter of Appel, 2 Misc 2d 556).
The ownership of the Trico stock carries with it the ownership of Fields 2250. There is no evidence that the shares of *690 Fields Haberdashery, Inc., ever were registered in the name of respondent Ruck and any claim to ownership on his part is without foundation. It is found, on the basis of the conclusions reached above, that the ownership of the shares of this corporation was in the decedent.
The stock of Regents Brand Clothes, Inc., which is sought to be recovered is registered in the name of respondent Hirsh. These shares were accessible to this respondent and she never made any disclaimer of ownership. The family background of this corporation is an explanation for the ownership of shares by this respondent. In any event, in respect of these shares the petitioner has failed to meet the burden of establishing ownership in the decedent.
The proof with respect to the corporation known as Bruce Hunt of Albany was too sketchy to permit any finding of ownership and the briefs of the parties seem to consider this question as worthy of only passing comment, possibly because the company is bankrupt. Upon the evidence the court makes no determination of ownership and, because the petitioner has the burden of proof, dismisses the petition upon this issue.
The petitioner is entitled to the property identified in pages 141 and 142 of the petitioner’s brief. The petition is dismissed as to the claims to property referred to in items (f), (h) and (i) of the issues as framed.