Richard D. Simons, J.
This action is brought by the plaintiff to recover for personal injuries sustained while a patron of the defendant supermarket the Great Atlantic & Pacific Tea Co. in Hion, New York, on November 9, 1962. While in the section of the store reserved for bottled beverages, plaintiff was injured when she was bending over to reach for a bottle of beer. She heard an explosion behind her, felt a sharp stinging sensation on the back of her legs and observed blood flowing from her legs. Immediately to her rear was a section of shelves on which was stacked “Bubble-up”, a carbonated soda pop bottled by the defendant Coca-Cola Bottling Plants, Inc. Fragments of a broken “Bubble-up” bottle were found on the floor behind her after the accident. Plaintiff rested on this proof. Defendants offered proof attempting to show due care on their part. The jury returned a verdict in favor of the plaintiff against both defendants and they now move to set the same aside on the grounds that the verdict is contrary to law and against the weight of evidence.
The case was submitted to the jury under the doctrine of res ipsa loquitur. That rule requires that plaintiff show that the agency which caused the injury was under the exclusive control of the defendant, and secondly, that the accident is one which would not ordinarily occur without negligence on the part of defendant. (George Foltis, Inc. v. City of New York, 287 N. Y. 108, 114, 117; Bressler v. New York R. T. Corp., 270 N. Y. 409, 413; Griffen v. Manice, 166 N. Y. 188.)
The defendants contend that the bottle which exploded was not within the exclusive control of either one of them and that, therefore, the doctrine does not apply.
The question of control is one that has been viewed differently by the courts. It has been defined as requiring possession in Curley v. Ruppert (272 App. Div. 441). However, there are other New York cases which are more clearly in accord with the prevailing rules of the courts outside this State which hold *696 that the requirement is only the right to control or manage and not necessarily exclusive, physical possession. This principle has been approved, if not enunciated, in Day v. Grand Union Co. (280 App. Div. 253, affd. 304 N. Y. 821) and Hyams v. King Kullen Grocery Co. (32 Misc 2d 920, affd. 20 A D 2d 657).
While the rule of the Gurley case may exonerate the bottler, it is .unavailing to the retailer in view of the holdings in Day v. Grand Union (supra) and Hyams v. King Kullen (supra). The briefs on appeal in those eases specifically urge the rule of Curley v. Ruppert (supra) on behalf of the supermarket without success and the application of res ipsa loquitur was approved. Control or the right to control, supervise or manage is sufficient to invoke the doctrine against the supermarket. When lacking, as in the case of the bottler, the proof must proceed on the basis of affirmative showing of negligence. When the right to control exists, res ipsa loquitur applies even though there may be interference with the bottles by the customers of the supermarket. (Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, affd. 269 App. Div. 977; Higgins v. Ruppert, 124 App. Div. 530; Perito v. Sunrise Supermarket Corp., 33 Misc 2d 687.)
The bottler clearly did not have control or even the right to control. It had yielded possession, control and supervision when it delivered the product to the A & P’s loading dock some days before the accident.
There was a continuing duty upon the bottler owing to plaintiff and others similarly situated to use reasonable care to supply its product in a bottle free of defects and to use reasonable tests to determine this. (Smith v. Peerless Glass Co., 259 N. Y. 292; Mueller v. Teichner, 6 N Y 2d 903; Torgesen v. Schultz, 192 N. Y. 156.) The reuse of old bottles may have been sufficient to raise a question of fact as to whether that duty had been violated. Saglimbeni v. West End Brewing Co. (274 App. Div. 201) and likewise, the adequacy and care in filling, handling and testing the bottles may have raised questions of fact for the jury to determine. (Willey v. Mynderse, 165 App. Div. 620; Torgesen v. Schultz, supra.) But no direct evidence of failure in this respect was present at the close of plaintiff’s case. There was no evidence of any defect or flaw in the bottle or want of care on the bottler’s part. Thus, without being chargeable under the principle of res ipsa loquitur, the defendant bottler is entitled to a dismissal of the complaint. Its motions to that effect made at the close of the plaintiff’s case and at the close of all the evidence are granted.
*697 There remains the question of whether or not the verdict of the jury was contrary to the weight of the evidence in respect to the defendant A & P. It was not. At the close of plaintiff’s case, she was entitled to have the jury infer negligence. Defendant’s rebuttal evidence exhibited that the bottles were packed in an unstable manner, they became separated from their cartons, were continually handled and misplaced by some of the approximately 2,000 persons in the store that day and that they were treated with no more care or supervision than bottles of inert liquid or for that matter, boxes of cereals.
Defendant suggests by its evidence that the bottle was knocked to the floor by plaintiff or by an unidentified customer. But no direct proof to that effect was offered although an employee of the store was not more than a few feet in front of plaintiff at the time of the accident.
At the very least, on the basis of the evidence, conflicting inferences as to care could be drawn. It was for the jury to decide whether to infer negligence or the absence of negligence on the part of the supermarket. (George Foltis, Inc. v. City of New York, 287 N. Y. 108, 118 supra.)
Motion of defendant Associated Coca-Cola Bottling Plants, Inc., to dismiss the complaint granted. Motion of defendant Great Atlantic and Pacific Tea Co., Inc., to set aside the verdict denied in all respects.