Per Curiam.

The submission of this case to the jury by the court on the theory of res ipsa loquitur as against the defendant-appellant was proper and the jury’s verdict in favor of the plaintiff might well be sustained. (Day v. Grand Union Co., 280 App. Div. 253, affd. 304 N. Y. 821; Hyams v. King Kullen Grocery Co., 230 N. Y. S. 2d 962, revg..in part 32 Misc 2d 920, affd. 20 A D 2d 657.) However, the statement of the plaintiff, while being questioned by counsel for the codefendant, now defendant-respondent, namely, “I reported it to the manager who took my name and he said, ‘ The insurance man would call on me ’ ” was highly prejudicial to the defendant-appellant and its motion for a mistrial should have been granted (Simpson v. Foundation Co., 201 N. Y. 479).
Were this an automobile accident case affirmance without retrial would be warranted, because it is generally known by the public today that New York State has provided for compulsory liability insurance of automobiles. However, the plaintiff sustained her injuries while shopping in the store of the defendant-appellant and, under the circumstances, it was most improper for the jury to learn of the fact that this store was covered by insurance.
The judgment dismissing plaintiff’s complaint against defendant, Kirsch Beverages, Inc., and dismissing the cross complaint of defendant, Shapmor, Inc., against the defendant, Kirsch Beverages, Inc., should be affirmed, without costs.
The judgment against defendant-appellant, Shapmor, Inc., should be reversed and a new trial ordered, with $30 costs to appellant to abide the event.