Christopher C. McGrath, S.
This is a discovery proceeding by an administrator to recover 384 shares of the common stock of Radio Corporation of America from the decedent’s daughter who claims that these shares of stock were given to her by the decedent as an inter vivos gift.
Decedent died intestate on April 18, 1964, survived by seven children, including the respondent herein. Prior to her death decedent was the sole owner of 384 shares of the common stock of Radio Corporation of America. It was testified that the respondent obtained this stock from the decedent who requested respondent to have the stock transferred into their joint names with right of survivorship.
On April 15, 1964, respondent appeared at a branch of the Manufacturers Hanover Trust Company in Bronx County and *381 after compliance with certain requirements of the hank, the decedent’s signature on a stock power attached to the stock in question was guaranteed by a bank official. Thereafter on Friday, April 17,1964, the respondent gave the certificates of stock and the stock power to her young son who on that same day ultimately delivered the stock and the assignment to a stockbroker for transfer. The next day, Saturday, April 18, 1964, the decedent herein died. The shares of stock were not transferred on the books of the corporation until April 21,1964, which was three days after the death of the decedent.
Petitioner relies principally on the holding in Matter of Szabo where this court’s dismissal of the petition was unanimously affirmed in 12 A D 2d 451 and 10 N Y 2d 94. In that case the petitioner’s claim of ownership as a surviving joint tenant was held to be without merit because the transfer of record on the stock books of the company was not completed in the decedent’s lifetime.
Respondent, however, takes the position that the requisite elements of a valid gift inter vivos have been met. These elements are: intent on the part of the donor to give; delivery of the property given pursuant to such intent; and acceptance on the part of the donee (Matter of Van Alstyne, 207 N. Y. 298, 306). In the instant case, the evidence indicated that the decedent delivered the stock in question to her daughter for transfer into their joint names and that there was a voluntary parting with control of the stock in order to effect a valid transfer as between the decedent and her daughter. This voluntary parting with control by decedent was evidenced not only by physical delivery of the stock to the respondent but by the execution of the requisite stock power. In addition, at the request of a bank official who had been asked to guarantee decedent’s signature on the stock power, the donor signed a letter setting forth exactly what she wanted done with the stock. This letter reads as follows:
April 15, 1964
Dear Sir:
I would like to have my daughter Mary Vandivier’s name added to the following Radio Corporation Stock Certificates
100 shares common Stock R46020
20 shares it 2 shares tt 2 shares tt 2 shares a 2 shares it 256 shares tt
” NO466590
” RD88412
” RC929004
” RC770554
” RD265979
” RE128698
Sincerely,
Mrs Bertha Ruszkowski
*382 It is the opinion of this court that the determination in the Ssabo case is not controlling under the facts and circumstances of the case at bar. In the Ssabo case, at no time did the decedent deliver the stock in question to her son, the intended donee. Instead she gave the stock to her niece and directed her to put the proposed donee’s name on her stock as a joint tenant with right of survivorship. The Court of Appeals pointed out that there was some question as to whether the decedent intended an absolute gift to her son. That court also noted that the decedent directed that the transfer of the stock was to be held up until the new certificate was available.
In the case at bar it is clear that the decedent intended an absolute gift. The donor in the present case did all she was able to do to vest joint ownership in the donee-respondent herein (Manacher v. Sterling Nat. Bank & Trust co. of N. Y., 4 Misc 2d 1069). The fact that the transfer was not completed on the books of the company is not controlling since it has been held that the delivery of a stock certificate indorsed in blank by the owner of record is effectual to transfer title to the certificate and the interest represented by the certificate (Mason v. Public Nat. Bank, 262 App. Div. 249, affd. 287 N. Y. 809; Matter of Ruck, 33 Misc 2d 687, affd. 17 A D 2d 614). In fact it has been held that title to unindorsed securities may be transferred by delivery (Miller v. Silverman, 247 N. Y. 447, 450; Matter of Hurd, 162 Misc. 283, 285; Matter of Ruck [supra]; Personal Property Law, § 162 now Uniform Commercial Code, § 8-309).
In view of all of the foregoing and upon all the evidence adduced at the trial and upon the documentary proof submitted, the court is satisfied that the respondent herein has sustained the burden of proving that the essential elements of a gift inter vivos were present. The court therefore holds that the evidence was sufficient and adequate to support the conclusion that the decedent intended to and did make a gift of the stock in question together with delivery by the donor and acceptance by the donee (Beaver v. Beaver, 117 Ñ. Y. 421). Accordingly, this proceeding is dismissed.