Jerome B. E. Wolfe, S.
This is an action to impose a constructive trust on certain funds in the decedent’s estate. The testimony at trial revealed that the petitioner had known the decedent for approximately 45 years. The petitioner was self-employed and the decedent was a school teacher. He testified that in 1952, he believed, according to his doctor, that he was suffering from some ailment which might shortly lead to either his incapacity or death. The petitioner had $20,000 in cash and told the decedent that he wished to use this money for her future, and would place the money in her name in various bank accounts and stock, ,so that if he predeceased her, then she would have this money for her own use. The petitioner, together with the decedent, opened a safe-deposit box in the decedent’s name, and the petitioner was also authorized by the bank to hold a key to the safe-deposit box. Some of the money was deposited in the safe-deposit box, then the petitioner purchased various stocks in the decedent’s name, and with the balance of the cash opened savings accounts in the decedent’s name. Over a period of years, all the dividends and the interest accruing either on the stock or on the savings accounts were deposited in various bank accounts in the decedent’s name. Some stock was sold and the proceeds placed in another savings account in the decedent’s name. There was a transfer of some money from one account to another account, and to another bank, but the passbooks were in the decedent’s name. When any transaction concerning the savings accounts or stocks took place, the petitioner always accompanied the decedent in order to prepare the withdrawal or deposit slips. Over the period of years up to the decedent’s death on the 20th day of February, 1969, none of the stock was cashed by the decedent, nor was any of the principal used by the decedent except the sum of $800, which, the petitioner stated, *514 was to reimburse her for some money she had advanced to him.
During this entire period, the decedent declared the dividends from stock and interest on the savings accounts in all of her income tax returns and paid taxes thereon. The decedent died intestate and the heirs all claim that this money is part of her estate to which the petitioner has no claim. The petitioner now wishes to recover the money from the estate of the decedent on the grounds that this arrangement was made on the condition that the money would remain the property of the decedent if the petitioner had predeceased the decedent and that it was a situation of mutual confidence. The decedent exercised no dominance over the funds in her name, and in fact, all the transactions concerning the deposits of the moneys, the purchase of stock, the cashing of stock, and the reinvestment of money of the proceeds, were done by the petitioner without any control by the decedent.
The keystone case concerning constructive trusts is the case of Foreman v. Foreman (251 N. Y. 237). Since its decision in 1929, it has been cited and quoted in almost all cases concerning constructive trusts. In the dissent in Murdock v. Smith (37 A D 2d 782), the case was analyzed as setting out four requirements for a constructive trust, viz., “ confidential relationship, payment words of promise, and unequivocal acts of confirmation and performance.”
“ In dealing with the problem of a secret trust or the breach of a confidential relationship the ordinary rules imposed by the Statute of Frauds, the Statute of Wills, the parol evidence rule, and that governing statements in derogation of title, are not applicable. Equity in this .area has always reached beyond the facade of formal documents, absolute transfers, and even limiting statutes on the law side.” (Tebin v. Moldock, 19 A D 2d 275, 28A-285.) This particular case disregarded a will of the decedent, conveyance of property by the decedent and the establishment of bank .accounts by the decedent, and formulated a constructive trust in favor of a son after determining that the decedent had intended to provide for the son, but in the court’s determination that intention would have to be carried to the extreme, in that, all proceeds, either as a result of the estate, and the inter vivos conveyance of property and the establishment of bank accounts would be given to the son outright.
Applying the facts of this case to the requisites of a constructive trust, we find that the confidential relationship had existed over many years, and was only severed by the decedent’s death. The establishment of the bank accounts and the purchase of *515 stock is, in the court’s mind, the determinative factor in proving the confirmation and performance as the further requisites. This is illustrated through the years by the continuity of investing and reinvesting by the petitioner without the use of funds by the decedent, except for one minor withdrawal. It is further proven by documentary evidence of bankbooks, stock purchase receipts, and the continuity of funds that can be traced from either a withdrawal or stock dividends to their deposit in the various bank accounts.
The petitioner exercised complete dominance over the funds in the decedent’s name. The question of the use of some of the funds for mortgage lending purpose was referred to the petitioner by the decedent when the matter was presented by another party. The intention of the parties is proven by these transactions in which the decedent certainly concurred. There was not any act on the part of the decedent which would give rise to a different interpretation.
Based upon the law and the facts, the court hereby impresses a constructive trust upon the assets of the estate of Rose B. McKenna in favor of the petitioner in the amount of $20,000, and further directs that an accounting be made by the administrator in order to determine the increments resulting from this constructive trust and offset by the differential in income taxes paid by the decedent relative thereto.