OPINION OF THE COURT
Harold Baer, Jr., J.
This motion by plaintiff former wife for an order which *1043 seeks to allow the Receiver, Alan B. Weiss, Esq., appointed pursuant to the order of the Honorable Stanley S. Ostrau dated September 12, 1985 and filed September 19, 1985, to sell what is purported to be all of the former husband’s right, title and interest in and to 82 shares of stock of Sovereign Apartments, Inc. (hereinafter Sovereign) is denied. The papers set forth some pertinent details. The proprietary lease in question is allocated to apartment 4G at 425 East 58th Street, New York, New York. The motion seeks a direction that the Sovereign Apartments, Inc., cancel the existing stock certificate representing the 82 shares of stock allocated to said apartment and that it reissue 41 shares in the name of the defendant herein. Further, that Sovereign consent to the purchase of defendant’s interest in said cooperative apartment and the assignment of defendant’s interest in said 41 shares of stock and the proprietary lease. Further that this court direct the Greater New York Savings Bank to turn over and deliver to Sovereign the present stock certificate and proprietary lease and thereafter accept the remaining 41 shares of stock of Susan D. Swatzburg as the sole security on the repayment of the outstanding loan.
Plaintiff in her attempt to seek collection of outstanding money judgments owed by defendant seeks to enforce same by directing a sale of defendant’s interests in a cooperative apartment owned jointly by defendant and his present wife.
The records clearly indicate that on August 11, 1981, the 82 shares of stock allocated to the subject apartment were transferred to the defendant and his present wife as joint tenants with rights of survivorship. The shares for the subject apartment can be transferred only as an entity and only in connection with the simultaneous transfer of the proprietary lease. This condition is clearly evident from the proprietary lease, bylaws and stock certificate. Any division of the stock, as specifically requested by plaintiff, is without foundation. (See, Fe Bland v Two Trees Mgt. Co., 66 NY2d 556 [1985]; Matter of State Tax Comma. v Shor, 43 NY2d 151 [1977].) Moreover, the cooperative board would still have the right to approve the purchase of the shares before permitting occupancy. (Weisner v 791 Park Ave. Corp., 6 NY2d 426 [1959]; Goldstone v Constable, 84 AD2d 519 [1st Dept 1981].) Furthermore, plaintiff’s proposal to limit the Greater New York Savings Bank security interest is without any basis in law or fact. The interests of both plaintiff and his current wife are merged as security for *1044 the outstanding loan, which would be due and payable in full, upon any sale, transfer or assignment.
Plaintiff, if so advised, may, of course, commence a special proceeding for the enforcement of the money judgments pursuant to CPLR 5206 (e), but that result may not be accomplished in the fashion contended for here.
That branch of plaintiff’s motion seeking enforcement of arrears is granted on consent to the extent of directing the County Clerk, upon service of a copy of this order with notice of entry, to enter a money judgment in favor of plaintiff, former wife and against defendant former husband in the sum of $5,808.35 plus costs and disbursements inasmuch as said sum which represents arrears of maintenance and support from February 1987 through June 1987 and for Blue Cross/ Blue Shield and major medical insurance premiums which are due and owing and remain unpaid (Domestic Relations Law § 244). The Clerk is directed to enter judgment for said sum and plaintiff shall have execution thereon.
Counsel fees for this application necessitated by defendant’s delinquency in his obligations is granted to the extent of awarding plaintiff the sum of $500. Said sum shall be payable directly to plaintiff’s counsel within 20 days after service of a copy of this order with notice of entry.
Defendant is directed, within 20 days after service of a copy of this order with notice of entry, to provide plaintiff or her counsel with proof that the $65,000 life insurance policy on his life naming plaintiff as sole beneficiary as required by the judgment of divorce is in full force and effect and that all premiums due thereon are paid and current.
That branch of the motion seeking to direct Texron Sales, Inc. to commence paying over to the appointed Receiver any and all money, compensation, bonuses, dividends and/or remuneration paid, payable or due defendant is denied. Plaintiff, if she be so advised, may move on proper papers for appropriate sanctions, pursuant to the CPLR and Domestic Relations Law including but not limited to contempt.
The remainder of plaintiff’s motion seeking discovery related to defendant’s earnings and finances is denied without prejudice to seeking such disclosure in accordance with the provisions and procedure under CPLR 5223, 5224.