■ ELEANORE LICHTENSTEIN, Appellant, v ELJOHNAN, INC., et al., Respondents. ELEANORE LICHTENSTEIN, Appellant, v NAGER ELECTRIC Co., INC., et al., Respondents.—Orders, Supreme Court, New York County (David B. Saxe, J.), entered on or about January 2, 1990, which denied plaintiff's motions for partial summary judgment, appointment of a receiver and sanctions and granted summary judgment in favor of defendants, dismissing the complaints, unanimously affirmed, without costs.

Plaintiff's father, defendant Edward F. Nager, organized Nager Electric Co., Inc. in 1923 and Eljohnan, Inc. in 1948. Edward dominated the businesses at all times until 1982, when he transferred the businesses to his son, defendant Jordan S. Nager. Plaintiff, Jordan and Edward's nephew, defendant Howard Marks, were officers of the corporation.

Starting in 1946, Edward occasionally issued stock certificates in the corporations in the names of plaintiff, Jordan or Howard. He required each certificate to be endorsed in blank in the "transfer" section on the reverse side of the certificates and, following their endorsement, he retained exclusive possession, custody and control of the certificates issued.

Jordan, Howard and plaintiff never paid anything for the stock issued in their names. They also never received any cash dividends or any other thing of value in connection with the stock.

In 1982, after Edward had a falling out with plaintiff, he made Jordan owner of the corporations and transferred all of the stock of the corporation to him. Prior to 1982, Edward had placed restrictive legends on many of the certificates.

In presenting her cases to the IAS court, plaintiff maintained, *inter alia,* that her father had told her he was giving her and her brother half of the two corporations; that he kept the stock certificates "for safekeeping", and that plaintiff was

listed as a stockholder on the corporate records and the minutes of stockholder meetings.

In order for an inter vivos gift to be valid, there must be clear and convincing evidence of a donative intent on the part of the donor, delivery of the property pursuant to such intent and acceptance by the donee. (*Matter of Szabo,* 10 NY2d 94, 98.) Each element must be established.

Here, there was no delivery of the property to plaintiff. She was never in physical possession of the stock certificates, nor did she ever exercise any of the incidents of ownership over the stock. While in certain limited instances a constructive or symbolic delivery of the property will be inferred, the conditions required for those special circumstances are not present in this case. (*See, Matter of Van Alstyne,* 207 NY 298, 310.)

While courts have overlooked the absence of a physical delivery in some cases, the donative intent of the donor in those cases was clearly established. (*See, e.g., Matter of Babcock,* 85 Misc 256, *affd* 169 App Div 903, *affd* 216 NY 717.) In the instant case, plaintiff could not establish the necessary donative intent of Edward to convey a present beneficial interest in the stock certificates to her. The fact that Edward required plaintiff to endorse the certificates in blank (effectively making the certificates bearer instruments) and his retention and control of the certificates manifests a clear intention by him not to make a present gift of stock. (*See, Matter of Ruck,* 33 Misc 2d 687, *affd* 17 AD2d 614.) Moreover, his placement of restrictive legends on the stock certificates long after their issuance, but prior to 1982, indicates that he continued to regard himself as the owner of the stock.

While plaintiff suggests that what may have occurred in the instant case is in the nature of a trust (*see, Elyachar v Gerel Corp.,* 583 F Supp 907, 921-922), the evidence does not establish Edward's intent to create such type of instrument. Indeed, it is apparent that there was never any intent on Edward to confer a present beneficial interest in plaintiff with regard to the stock certificates.

Accordingly, as plaintiff has not raised a factual issue demonstrating the existence of a completed gift, summary judgment was properly awarded in favor of defendants. Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.