■ ROBERT WIDOM, Plaintiff, and REFUAH RESEARCH, INC., Appellant, v MAIDA MITTMAN, Respondent, et al., Defendants. [833 NYS2d 502]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 17, 2006, which, to the extent appealed from as limited by the briefs, granted defendants' motion pursuant to CPLR 3211 to dismiss the fourth cause of action, unanimously affirmed, with costs.

The elements necessary for an effective gift are: (1) an intent on the part of the donor to make a present transfer; (2) delivery of the gift, either actual or constructive, to the donee; and (3) acceptance by the donee (see Rubenstein v Rosenthal, 140 AD2d 156, 158 [1988]). As to donative intent, the August 2005 agreement refers simply to "anticipation" of Mittman's "investment." It further notes that the $750,000 "will be" derived from proceeds of the sale of real property, not to take place until November of that year. Accordingly, there was no present transfer by virtue of the written agreement, nor was there an accepted delivery. Mittman was not yet in possession of the money to be gifted, and her receipt of such moneys was dependent on the culmination of a future transaction, with delivery anticipated only after the closing. Given the absence of a present donative intent and the fact that Mittman did not yet possess, much less relinquish control over, the money at the time of the purported gifting, Refuah Research cannot establish its fourth cause of action (see Lichtenstein v Eljohnan, Inc., 161 AD2d 397 [1990]). Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.