Burke, J.
Plaintiff instituted this action for specific performance of a written contract negotiated by a real estate broker and entered into between plaintiff and defendant Gilbert, providing for the sale of 330 shares of stock of the defendant 791 Park Avenue Corporation, and for the assignment to plaintiff of a proprietary lease of an apartment at 791 Park Avenue, New York City. By an order to show cause served with the complaint, plaintiff moved for an injunction pendente lite restraining the assignment of the lease and the sale of the corporate stock to others. The answer of defendant Gilbert alleges the defense of impossibility of performance of the contract of sale and sets forth as a second separate and partial defense facts alleging prospective damages including maintenance charges on the apartment, interest, counsel fees and other expenditures which defendant Gilbert will sustain if an injunction pendente lite is granted. Special Term denied the injunction, but on appeal the Appellate Division granted it. The order of reversal of the Appellate Division directs that undertakings theretofore given by the plaintiff shall continue as security for any damage, including interest, which defendant Gilbert might sustain by reason of the injunction granted by that court.
These appeals are here by permission of the Appellate Division which certified the following question for review by this court. ‘ ‘ Did the Appellate Division err in reversing the order of *431 Special Term denying plaintiff’s motion for an injunction pendente lite and in granting said motion?”
We believe the question should be answered in the affirmative. No cause of-action against either of the defendants is stated whether the complaint be considered alone or with all the other papers before the courts below. The order granting plaintiff an injunction pendente lite cannot be upheld in the absence of facts which establish either rights of the plaintiff or duties of the defendant Gilbert which would constitute a cause of action on behalf of the plaintiff against defendants.
The appellant corporation, formed in 1947 pursuant to a plan of co-operative organization, is the owner of an apartment house at Park Avenue and East 74th Street in New York City. The building is occupied by 31 tenants, each of whom has a proprietary lease, identical in form, for his apartment, and stock in 791 Park Avenue Corporation. Defendant Gilbert’s lease contains the following provisions:
“ The Lessee shall not assign this lease, or any interest therein, and no such assignment shall take effect as against the Lessor for any purpose, unless and until all of the following requirements have been complied with and satisfied:
* # *
4. A written consent to such assignment, authorized by a resolution of the board of directors, or signed by a majority of the directors or by lessees owning of record at least two-thirds of the capital stock of the Lessor accompanying proprietary leases then in force, must be delivered to the Lessor. ’ ’
And it is further provided:
“No executor, administrator, personal representative or. successor of the Lessee, or trustee, or anyone to whom the interest of the Lessee hereunder shall pass by law, shall be entitled to assign this lease, or to sublet the apartment, or any part thereof, except upon compliance with the requirements of this paragraph Sixth. The character of and restriction upon the occupancy of the apartment, and upon assignment of this lease, as hereinbefore expressed, restricted and limited, are an especial consideration and inducement for the granting of this lease by the Lessor to the Lessee ”.
*432 There are similar provisions in the by-laws of the corporation.
Gilbert contracted with the plaintiff, a member of the Bar of this State, to transfer her stock in the 791 Park Avenue Corporation and the lease for her apartment in the building. The following clause was made a condition of the agreement: “ This sale is subject to the approval of 791 Park Avenue Corporation in the manner required under the Certificate of Incorporation, by-laws and proprietary lease. If the said approval is not obtained, this contract shall become null and void and neither party hereto shall be under any liability to the other by reason thereof, and all sums paid on account of this contract shall be returned, without interest, by the Seller to the Purchaser ”.
During the period intervening between the execution of the contract by the plaintiff on May 7, 1958 and its delivery to the plaintiff on May 16, 1958, several conversations took place between the plaintiff and defendant Gilbert’s attorney, who was in charge of the pending negotiation.
On May 12th plaintiff spoke to Gilbert’s attorney and requested him to withhold submission of the contract to the 791 Park Avenue Corporation for a few days to enable plaintiff to assemble and submit his references.
Pursuant to plaintiff’s request the managing agent for defendant 791 Park Avenue Corporation was not formally notified of the proposed sale until May 16, 1958 when a copy of the contract was sent by certified mail to the agent. On the same day the duplicate original of the contract was delivered to plaintiff, together with a letter which reminded plaintiff that: ‘ ‘ your application to purchase the cooperative apartment must be approved by a majority of the Board of Directors under Article Sixth of the lease. Accordingly, I would suggest that you submit several reference letters ”.
Before the contract was delivered to the corporation, plaintiff was informed that there would be difficulties in procuring the requisite consent. Plaintiff could have withdrawn from the contract before it was delivered, instead he preferred to proceed. He was then given forms to supply information to the board which he did not utilize. During the period of 12 days between the delivery of the contract and the directors’ meeting, plaintiff endeavored to persuade individual directors to accept him as a fellow tenant.
*433 Plaintiff concedes that he consulted with the managing agent. On May 28, 1958 the agent notified the attorney for Gilbert that a meeting of the board of directors of 791 Park Avenue Corporation had been held and that the board did not approve of the proposed transfer by Gilbert of her apartment to plaintiff. The attorney immediately informed plaintiff of the board action and sent him a copy of the notice.
On June 2, 1958 Gilbert’s attorney telephoned and then personally called upon a Mr. Gustave Ross who was the treasurer and a director of defendant 791 Park Avenue Corporation. On both occasions he requested a reconsideration and resubmission to the board of the plaintiff’s application to purchase Gilbert’s apartment. The request was refused.
While the case was sub judice in the Appellate Division, Gilbert, at the suggestion of a Justice of the Appellate Division, solicited the consent of the stockholders. Eighteen of the 31 who received her request returned it with the notation that they did not consent to the transfer; only 1, the defendant Gilbert, voted to the contrary.
It is properly asserted by the respondent that the order granting the injunction may be reversed only if as a matter of law the plaintiff has no standing to sue or the directors of 791 Park Avenue Corporation have an absolute right to restrain the transfer of stockholders’ interests in the corporation.
Respondent assumes that the defendant Gilbert had a contract obligation to persuade the directors and/or stockholders to look with favor on his references. No such duty is imposed on Gilbert either by law or the terms of the agreement. Indeed, plaintiff gave a practical construction to the agreement when he acknowledged his obligation to convince the board members or the stockholders of his worth as a fellow tenant and co-owner by requesting time to gather the necessary references. Further recognition that the exercise of diligence and persuasion rested on his shoulders is found in his activity in arranging personal interviews with the treasurer of the corporation and two of the director-tenants. At no time prior to the notice of rejection did he indicate a belief that Gilbert was under a duty to plead his cause.
In this case the condition inserted in the contract, in terms, rebuts any presumption that Gilbert was willing to agree to *434 procure the approval of the corporation. Words of condition were carefully chosen to avoid the imposition on Gilbert of any burden relative to procuring the required consent. By express condition her obligation is merely made “ subject ” to the favorable action by 791 Park Avenue Corporation. Since the consent of the corporation was not obtained, the plaintiff is not entitled to specific performance (see e.g. Connor v. Rochwoocl, 320 Mass. 360).
Plaintiff, having agreed that the lease-stock transfer had to be ratified by the corporation in accordance with the conditions of the lease and in the manner provided by the by-laws, is bound, insofar as Gilbert is concerned, by his failure to secure approval of the transaction.
The statute which prohibits discrimination in co-operatives because of race, color, religion, national origin or ancestry is not involved in this case. Absent the application of these statutory standards, and under the terms of the agreement between plaintiff and Gilbert, there is no reason why the owners of the co-operative apartment house could not decide for themselves with whom they wish to share their elevators, their common halls and facilities, their stockholders’ meetings, their management problems and responsibilities and their homes.
The distinction between clauses importing an obligation to seek and obtain approval as a condition precedent to the exercise of a right to terminate and clauses making the vendor’s obligation to convey merely “ subject ” to the granting of an approval is aptly stated in the case of Stabile v. McCarthy (336 Mass. 399, 403): “If the parties had intended no obligation on the plaintiff to take action they could have used a clause in the special provision importing no suggestion of obligation, inability or impossibility, or could have made the vendor’s obligation to convey and the vendee’s obligation to purchase ‘ subject to ’ the granting of approval (compare Connor v. Rockwood, 320 Mass. 360; Livoli v. Stoneman, 332 Mass. 473, 475-476), instead of making inability to obtain planning board approval a condition precedent to the exercise of a right to cancel. ’ ’
Since the complaint does not state a meritorious cause of action against either of the defendants, the issuance of the injunction pendente lite is unwarranted.
*435 Accordingly, the order of the Appellate Division should be reversed, the injunction pendente lite should be dissolved, with costs, and the matter remitted to the Special Term. The certified question is answered in the affirmative.
Chief Judge Conway and Judges Desmond, Dye, Fuld and Froessel concur with Judge Burke ; Judge Van Voorhis dissents and votes to affirm.
Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.