■ NORGATE HOMES, INC., Respondent, v CENTRAL STATE BANK, Appellant. — In an action for specific performance of a contract to sell real property, defendant appeals from so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated September 19, 1980, as denied its motion for summary judgment as to the first cause of action. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff entered into a contract, dated November 1, 1978, to purchase certain real property from the defendant. Paragraph 28 of the contract for the sale of the premises provided, in part: "In the event that Final Approval is not obtained by the Seller (but has not been denied) within nine (9) months of the date hereof, this Contract shall be terminated and deemed null and void, and the down payment refunded in full to the Purchaser. Notwithstanding anything to the contrary in the preceeding [sic] sentence, if Final Approval is not obtained within nine (9) months from the date hereof, the Purchaser, at its option and upon written notice to the Seller prior to the date on which this Contract would otherwise have terminated, may exercise three (3) successive extensions of time of three (3) months each during which time Seller may obtain Final Approval. Seller shall proceed expeditiously to attempt to obtain Final Approval. The cost of obtaining Final Approval shall be borne entirely by the Seller." "Final Approval" was specifically defined in the contract as: "final approval from the

Incorporated Village of Muttontown, the County of Nassau and all other appropriate governmental bodies and agencies for the subdivision of the Premises into lots of approximately two (2) acres each in size, and the filing by the Seller of a final subdivision map of the Premises in the office of the Clerk of the County of Nassau". Final approval was not obtained within the 18-month prescribed period. Plaintiff alleges that final approval was never obtained because defendant failed to proceed expeditiously and diligently to obtain said approval, constituting willful default. Paragraph 31 of the contract provided: "In the event that the Seller is unable to convey the premises as herein provided for any reason whatsoever, *other than Seller's willful default,* then and in such event, the sole obligation of the Seller shall be to refund the Purchaser's down payment *** In the event that the Seller is *unable* to obtain Final Approval, then and in such event, the sole obligation of the Seller shall be to refund the Purchaser's down payment made hereunder *(all as is provided in Paragraph 28 of this Rider)."* (Emphasis provided.) Defendant contends that the contract automatically terminated, in accordance with its own terms, upon the occurrence of two events, (1) when the stipulated time period lapsed, and (2) when the final approval was not obtained by the seller. We disagree. There is a distinction between clauses importing an obligation to seek and obtain approval as a condition precedent to the exercise of a right to terminate and clauses making the seller's obligation to convey merely "subject" to the granting of an approval. The former makes inability to obtain approval a condition precedent to exercising a right to terminate, the latter automatically terminates the contract upon the occurrence of the stipulated event. (See *Weisner v 791 Park Ave. Corp.,* 6 NY2d 426.) The termination clause contained in the contract must be read in conjunction with the other terms thereof. The contract placed the burden and obligation on the seller to proceed expeditiously to attempt to obtain final approval. Also, there is implicit in all contracts an implied covenant of fair dealing and good faith. *(Van Valkenburg, Nooger & Neville v Hayden Pub. Co.,* 30 NY2d 34, cert den 409 US 875.) The exculpation clause in paragraph 31 does not limit the plaintiff's remedy to a return of its down payment where there is a "willful default" on the part of the seller. The remedy of a return of the purchaser's down payment is the exclusive remedy only in the event the seller is *unable* to obtain final approval. The intent of the parties, adduced from a reading of the entire contract, was to import an obligation on the seller to seek and obtain approval as a condition precedent to the exercise of a right to terminate. The allegations and evidence submitted in plaintiff's papers in opposition to defendant's summary judgment motion raise a question of fact as to whether defendant was unable or merely unwilling to attempt to obtain final approval, mandating a hearing on this issue and precluding a grant of summary judgment. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.