■ JONAS M. GOLDSTONE, Respondent, v ELISE J. CONSTABLE et al., Appellants. — Order, Supreme Court, New York County (Greenfield, J.), entered April 15, 1981, granting a preliminary injunction restraining the individual defendants from consenting to the transfer of stock of the corporation or consenting to the assignment of a proprietary lease to anyone other than the plaintiff and restraining defendant corporation from issuing stock and from entering into a proprietary lease for the subject space with anyone other than the plaintiff, denying defendant's cross motion for summary judgment, and ordering plaintiff to post a surety bond, unanimously modified, on the law, the facts and exercise of discretion to reverse and deny the application for a preliminary injunction and vacate the requirement for a surety bond, and otherwise affirmed, without costs. Plaintiff-respondent is a medical doctor who maintains offices in the subject premises, a residential co-operative building in Manhattan. He purchased stock and received the assignment of a proprietary lease to the apartment in which his offices are located. He does not reside in the building. A "servant's room" (SR3) was offered for sale by the estate of a deceased co-operator. A bid by the wife of the defendant co-operative housing corporation president was rejected and subsequently the estate entered into a conditional contract for the sale of SR3 with the plaintiff. The doctor intended to use the room for storage purposes in connection with his medical practice.

The contract between the plaintiff and the estate expressly provided that the sale was subject to the approval of the directors of the co-operative corporation. The proprietary lease similarly required consent by the directors to an assignment. Application was made by the plaintiff to the board of directors which denied the application on the ground of an alleged rule that the space should be reserved for the use of those shareholders who actually reside in the building, pursuant to the certificate of incorporation which provides that the primary purpose of the corporation is to provide homes for its stockholders. Plaintiff claims that there had previously been no such rule; that the board of directors is discriminating against him as a nonresident shareholder and thereby making an impermissible, arbitrary and unreasonable distinction within the one existing class of stock, thereby breaching its fiduciary duty by failing to treat all shareholders fairly and equally; and that there has been self dealing because, when his application was rejected, the only remaining bid for the room became that of the wife of the president of defendant corporation. The directors of this co-operative housing corporation have the contractual and inherent power to approve or disapprove the transfer of shares and the assignment of proprietary leases, absent discriminatory practices prohibited by law (see Civil Rights Law, § 19-a; *Weisner v 791 Park Ave. Corp.*, 6 NY2d 426). Whether or not there was a pre-existing rule limiting the transfer of servant's rooms to resident owners, the directors had the power to adopt such a rule, consistent with the "purpose clause" of the certificate of incorporation and in the best interests of the corporation (see *Schwartz v Marien*, 37 NY2d 487). Plaintiff has not at this stage of the proceedings made out a case of discriminatory and "unequal stockholder treatment", self-dealing or breach of fiduciary duty, nor has he demonstrated the likelihood of ultimate success on the merits. The application for a preliminary injunction should have been denied. Concur — Sandler, Sullivan, Ross and Carro, JJ.

Kupferman, J. P., concurs in a separate memorandum as follows: I believe it should be pointed out that we do not pass upon the question of what the rights of the estate of the deceased co-operator may be in this situation.