OPINION OF THE COURT
Michael J. Dontzin, J.
Plaintiff and defendant both move for summary judgment in a declaratory judgment action brought by the plaintiff to invalidate a transfer fee imposed by the defendant on shares of stock in the cooperative corporation.
The defendant is an apartment corporation, a co-op formed under the Business Corporation Law of the State of New York, which owns 3701 Henry Hudson Parkway. The plaintiffs are owners of shares of capital stock in the building owned by the defendant. The issue presented is whether the board of directors acted within its authority when it adopted a 71/2% transfer fee, commonly referred to as a “flip tax”, in March of 1982.
The tenant-shareholders of this cooperative, at a special meeting of shareholders in May of 1980, amended the bylaws of the apartment corporation to impose a transfer fee or “flip tax” of 5% for a period of two years. The purpose of that fee was twofold: (1) to raise needed revenues for the coop; and (2) to encourage stability, to the extent that it served as a deterrent to purchasers interested in apartments purely for speculative purposes.
The plaintiffs purchased their shares in early 1981, allegedly unaware of the “flip tax”. In March of 1982, the board of directors passed a resolution increasing the transfer fee to 7V2%.
*236 The plaintiffs challenge the current transfer fee on the grounds that the board acted beyond its powers in that an amendment to the by-laws was required to effectuate such a change. Additionally, the plaintiff claims that even if the board was empowered to enact a “flip tax”, then the “flip tax” enacted is invalid in that it discriminates against the plaintiffs and is confiscatory in nature.
The court is of the opinion that the action of the board was proper and that the transfer fee is proper and enforceable.
The granting of powers to the board of directors to adopt a resolution establishing or raising a transfer fee is derived in part from section 5 of article V of the by-laws, and in part from the inherent powers of a board of directors to manage the affairs of the property.
Section 5 of article V of the by-laws of the corporation provides as follows: “Section 5. Fees on Assignment: The Board of Directors shall have authority before an assignment or sublet of a proprietary lease or reallocation of shares takes effect as against the Corporation as lessor, to fix a reasonable fee to cover actual expenses and attorneys’ fees of the corporation, a service fee of the Corporation and such other conditions as it may determine in connection with each such proposed assignment” (emphasis supplied).
It is the opinion of the court that the above by-laws gave the board the power and authority to enact a transfer fee. Moreover, it is the opinion of the court that the board was empowered to enact such a fee, even in the absence of such a provision, as it represents the exercise of the board’s inherent power to exercise its business judgment to manage and operate the cooperative (Cooperative Corporations Law, § 5; Business Corporation Law, § 701).
Although the Appellate Division of this department has not ruled on this issue, the position of this court is in accord with .the dicta stated by the Appellate Term, Second Department, in Jamil v Southridge Coop. (102 Misc 2d 404) and the holdings in Reifman v Berkley (Civ Ct of City of NY, NY County, index No. 63890/74); and Berglund v 411 East 57th Corp. (122 Misc 2d 702).
*237 Additionally, this result is in accord with the recognized doctrine that by-laws deal with matters of corporate structure and machinery (Vernon Manor Co-op. Apts. v Salatino, 15 Misc 2d 491), whereas the board of directors by rule or regulation is empowered to handle matters relating to the management of the co-op. (See Forest Park Coop. v Hellman, 2 Misc 2d 183.)
As to the claim that this transfer tax is discriminatory and confiscatory in nature and is therefore invalid, the law is well settled that a court will not upset an act of a board of directors if that act is undertaken in good faith, for legitimate corporate purposes and is not violative of the board’s fiduciary duty to the stockholders. (See Schwartz v Marien, 37 NY2d 487; Goldstone v Constable, 84 AD2d 519.)
The contention that the transfer fee is confiscatory in nature is clearly without merit as any transfer fee is confiscatory to the extent that it decreases the profit the plaintiff or any shareholder might realize on resale, and this court is not aware of any holding that transfer fees are illegal per se.
Equally without merit is the claim that the transfer fee is discriminatory in that it may impact more heavily on the plaintiffs than on shareholders who have been in the cooperative since its inception. The transfer fee is equally applicable to all sales, based on the actual sales price (unlike the estimated “market value”, arbitrarily set by a board and declared illegal in Frymer v Bell, 99 AD2d 91). That plaintiff may or may not clear a profit on resale does not render the fee unreasonable (see Jamil v Southridge Coop., supra). The transfer fee as previously stated serves a twofold purpose which this court deems legitimate.
Accordingly, the plaintiffs’ motion for summary judgment is denied, and defendant’s motion for summary judgment dismissing the complaint is granted.