■ JEFFREY SHANDLER et al., Appellants, v EDWARD BAUZ et al., Respondents.—In an action for specific performance of a contract for the sale of a cooperative apartment and to recover damages for the breach thereof, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Leviss, J.), dated December 20, 1984, which, after a nonjury trial, dismissed their complaint.

Judgment affirmed, with costs.

The plaintiffs contend on appeal that the trial court erred in denying them relief because the defendants canceled the contract before they had a reasonable opportunity to satisfy a condition precedent to the sale. We disagree. Under the terms

of the contract, the sale was subject to the approval of the directors or shareholders of the corporation as provided in the lease or corporate bylaws, and failure to obtain such approval within the stated time would terminate the agreement *(cf. Norgate Homes v Central State Bank,* 82 AD2d 849, 850). The plaintiffs concede that they did not secure the necessary approval within the required time. The trial court therefore properly refused to grant relief. The failure of the plaintiffs to satisfy the condition precedent in a timely manner precludes a finding that the defendants breached the contract *(see, Weisner v 791 Park Ave. Corp.,* 6 NY2d 426; *Perna v Desai,* 101 AD2d 857, 858, *affd* 63 NY2d 898).

We find additionally that the trial court properly denied the plaintiffs' application to convert the action into one for a declaratory judgment or, in the alternative, for specific performance, conditional upon obtaining the approval of the board of directors of the cooperative corporation. Gibbons, Thompson, Niehoff and Rubin, JJ., concur.