OPINION OF THE COURT
Lester J. Sacks, J.
This matter has been referred to this court on an agreed statement of facts.
*1082 The defendant is a cooperative in which the plaintiff and his wife are stockholders. The plaintiff is a dentist and maintained the apartment as his dental office. Prior to the building going cooperative, the apartment involved had been rented by him as such office. He thereafter continued his practice therein as a sole practitioner.
On May 20, 1985, the plaintiff sought to sublet a portion of the office to an ophthalmologist. After a meeting with the sublease committee of the board of directors of the cooperative, he was informed on July 22, 1985 that the application was denied.
On July 23, 1985, a resolution was passed by the board of directors limiting the occupancy of all professional apartments to one professional who is the owner of the proprietary lease and shares of stock and such apartment shall not be sublet. The resolution further limited the number of support personnel who may be employed and present in the apartment at any one time.
The plaintiff has utilized the services of an assistant since September 1984. She covers for the plaintiff when he is not on the premises. She is paid a stipend based upon the work she performed on plaintiff’s patients. All patients are billed on plaintiff’s letterhead. Dr. Chass, the assistant, is present in the office two hours per week. There is no sign or indication of the presence of Dr. Chass displayed outside the office. It is admitted that the plaintiff does not withhold taxes from Dr. Chass nor pay any Social Security for her. No 1099 was issued for 1985 since payments to her did not exceed $600 for the year.
The issues to be decided by the court are:
1. Did the defendant have the right to reject the proposed sublet of the apartment owned by the plaintiff?
2. Is the plaintiff now in breach of his lease agreement because of the presence of Dr. Chass in his office?
The proprietary lease between the parties contained the following provision: "15. Except as provided in Paragraphs 38 and 39 of this lease, the Lessee shall not sublet the whole or any part of the apartment or renew or extend any previously authorized sublease, unless consent thereto shall have been duly authorized by a resolution of the Board or given in writing by a majority of the Board or, if the Board shall have failed or refused to give such consent, then by lessees owning at least 66%% of the then issued and outstanding shares of the Lessor. Consent by lessees as provided for herein shall be *1083 evidenced by written consent or by affirmative vote taken at a meeting called for such purpose. Any consent to subletting may be subject to such conditions as the Board or lessees, as the case may be, may impose. There shall be no limitation on the right of the Board or lessees to grant or withhold consent, for any reason or for no reason, to a subletting.”
There is no obligation on the part of the defendant to approve any sublease proposed by the plaintiff. The lease specifically provides that permission of the board of directors or, in the alternative, the stockholders, is a necessary prerequisite to any transfer of possession. The law is now well settled that "there is no reason why the owners of the cooperative apartment house could not decide for themselves with whom they wish to share their elevators * * * facilities * * * responsibilities and their homes” (Weisner v 791 Park Ave. Corp., 6 NY2d 426, 434). This right of cooperators or directors is not reviewable by the courts (Weisner v 791 Park Ave. Corp., supra). The special nature of the ownership of cooperative apartment house tenant-owners, it has been held, requires that they not be included in the general rule against restraint on the sale of stock in corporations organized for profit (Penthouse Props, v 1158 Fifth Ave., 256 App Div 685).
Whether or not there was a preexisting rule limiting the subletting of apartments, the directors had the power to adopt such rule consistent with the purpose clauses of the corporation and in the best interests of the cooperators (Goldstone v Constable, 84 AD2d 519).
The second question before the court deals with whether the plaintiff is in breach of his lease because of the use of Dr. Chass in his office.
Rule No. 55 reads as follows: "(55) No professional apartment in the building shall be occupied by more than one professional who shall be the owner of the shares of stock and proprietary lease allocated thereto, nor shall the apartment or any part thereof be sublet. No more than two support personnel, who may include nurses, technicians, paralegals, receptionists, secretaries or similar staff in the employ of the professional or otherwise, shall be present in the apartment at any time. In no event shall any such apartment be utilized for professional purposes after the hour of 10:00 p.m. No clients, patients or other visitors to such apartments shall loiter in the halls nor shall any carriages, strollers or other vehicles or objects be left in the halls in connection therewith.”
*1084 The agreed statement of facts indicate that Dr. Chass has been in the plaintiff’s employ since September 1984. She works no more than two hours per week at a time when the plaintiff is not in the apartment acting as an assistant to the plaintiff and relieving the plaintiff of some of the burdens of the practice. In the opinion of this court this does not violate the provisions of rule No. 55 of the house rules.
The purpose of these regulations, as stated by the defendant, was to safeguard the health and safety of the tenant-shareholders and "to keep them free of excess traffic, interference with their privacy and reasonably secure in their homes”. Nothing done by the plaintiff in the hiring of Dr. Chass in any way offends this obligation.
Having sold the apartment to the plaintiff for use as a professional apartment, it must be anticipated that the plaintiff will use that apartment in such fashion as is required for the proper conduct of his profession. Using an assistant in the limited fashion utilized by the plaintiff is in full keeping with the intent and purpose of the rules promulgated by the cooperative.
Based upon the foregoing, the questions posed to the court are answered as follows:
1. The refusal of the board of directors to approve a sublet as proposed by the plaintiff was proper and within the discretion of the board.
2. The use of Dr. Chass by the plaintiff as an assistant is not a subletting of the apartment and not in violation of the rules promulgated by the defendant.
The cross motion of the defendant for attorney’s fees is denied.