■ Tim McKenna, Appellant, v Burrall T. Case, Respondent.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Special Term erred in denying plaintiff's motion for summary judgment for specific performance of a real estate contract. The parties entered into a contract whereby defendant agreed to sell certain real property to plaintiff "[s]ubject to seller[']s attorney's approval within 5 days of acceptance." Seller's attorney subsequently disapproved the contract. Such disapproval would terminate plaintiff's rights under the contract *(Norgate Homes v Central State Bank,* 82 AD2d 849, 850; *Youla v Rappaport,* 115 NYS 2d 408, 409; *Wagner v Zonghetti Const. Corp.,* 115 NYS2d 410, 413), unless said disapproval is occasioned by bad faith *(Van Iderstine Co. v Barnet Leather Co.,* 242 NY 425, 434). While the issue of "bad faith" usually raises a question of fact precluding summary judgment, the uncontradicted proof demonstrates conclusively that defendant acted in bad faith by instructing his attorney to disapprove the contract. Defendant, by interfering and preventing his attorney from considering the contract, acted in bad faith and, therefore, the condition that the contract be approved by seller's attorney must be deemed waived and the contract formed *(In re Roman Crest Fruit,* 35 Bankr 939 [SDNY 1983]). (Appeal from order of Supreme Court, Ontario County, Mastrella, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.