■ WILLIAM P. NELSON, III, et al., Respondents, v ALVIN L. RING et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered May 5, 1987 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

On May 1, 1983, plaintiffs and defendants, without counsel, executed a contract whereby plaintiffs were to sell and defendants were to buy a home (referred to as Lyonwyk) in the Town of New Scotland, Albany County. The following contingency was inserted on the printed contract form: "This offer is extended for 24 hours * * * to be reviewed by attorneys and approved by May 2nd 5 pm by buyer and seller". Defendants also wrote a check for $5,000 payable to plaintiffs' broker. The check contained the notation "Home offer-Lyonwyk". Although defendants borrowed this check from their broker so that they could bind the deal that day, defendants altered the broker's name, address and bank, substituting their own so as to make the check theirs. Plaintiffs' attorney approved the contract pursuant to the handwritten contingency clause on May 2, 1983. Defendants did not approve or accept the con-

tract before the 5:00 P.M. deadline on May 2, 1983 because they were unable to contact their attorney to review the agreement. On May 3, 1983, however, defendants wrote a "replacement" check to plaintiffs' broker for $5,000 as a substitute for the makeshift check.

On May 4, 1983, defendants wrote to plaintiffs to inform them that defendants had talked with their attorney and wished to "refine and clarify the basic terms upon which we have already agreed". The letter attempted to clarify some ambiguity in certain phrases, proposed additional clauses on title insurance, the treatment of deposit money, the condition of the premises and defendants' concern regarding the erection on neighboring property of an obstruction to their view. Plaintiffs did not answer this letter. When the parties met again on May 7, 1983, certain defects in the foundation, the heating plant and fireplace were pointed out. Although defendants sought concessions and agreements on these matters, especially that "the advertised view of Albany skylines would be protected", plaintiffs refused to accept any changes from the original May 1, 1983 document. Defendants then advised them that there was "no deal".

On November 23, 1983, plaintiffs sold Lyonwyk to a third party. Plaintiffs brought this action for damages on October 4, 1984 for defendants' breach of contract, for defendants' failure to make further deposits and for not attending the closing, and for defendants' bad faith in breach of the contract. Defendants counterclaimed for the return of the $5,000 deposit. After completion of discovery, defendants moved for summary judgment dismissing the complaint and for judgment on the counterclaim. Supreme Court denied the motion without an opinion. Defendants appeal. We reverse.

The critical issue here is whether "the attorney approval clause" was an essential element of the May 1, 1983 agreement, so that without the required approval defendants were not liable for breach of the agreement. Uniformly, attorney approval clauses have been considered an essential part of real property contracts whose terms must be satisfied along with other essential terms of the contract in order for it to be enforceable *(Rusciano Realty Serv. v Skate Realty Corp.*, 116 AD2d 713). Here, the attorney approval specifically required in the handwritten clause was not obtained by defendants. Until approved as agreed between the parties on May 1, 1983 there could be no binding contract, and the offer expired within 24 hours by its own terms. Furthermore, contrary to plaintiffs' claims, we find no ratification by defendants, only

counterproposals or further negotiations *(see, 22 W. Main St. v Boguszewski,* 34 AD2d 358). In addition, we find no waiver by defendants in writing the replacement check, which merely preserved the status quo. Finally, plaintiffs' contention of defendants' bad faith is unsubstantiated. Defendants' motion for summary judgment should have been granted. The order of Supreme Court is, therefore, reversed.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to defendants on their counterclaim and dismissing the complaint. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.