■ BURTON D. MILLER, Appellant, v ROY C. SWINGLE, Defendant, and 142 GARTH ROAD OWNERS, INC., et al., Respondents. —In an action for specific performance, money damages, and declaratory and injunctive relief arising out of breach of a contract for the sale of a cooperative apartment, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), entered June 1, 1987, as granted the motion of the respondents (hereinafter the cooperative defendants) for summary judgment and dismissed the complaint as against them, and denied that branch of the plaintiff's motion which was for summary judgment against the cooperative defendants.

Ordered that the appeal from so much of the judgment as denied that branch of the plaintiff's motion which sought summary judgment on the second, fifth and sixth causes of action is dismissed as academic; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the cooperative defendants on the third and fourth causes of action is granted, and the cooperative defendants' cross motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the plaintiff is awarded costs.

The plaintiff entered into a contract for the purchase of the defendant Swingle's shares in the defendant cooperative and his interest as a proprietary lessee of apartment TU. The contract provided that the sale was "subject to the approval of the directors or shareholders of the Corporation as provided in the Lease or corporate by-laws". The plaintiff's application to purchase the defendant Swingle's interests in the corporation was unanimously approved at a meeting of the corporation's board, and the plaintiff entered the apartment and commenced alterations pursuant to a letter agreement with the

defendant Swingle. However, several days later the plaintiff received a letter from the president of the defendant corporation indicating that the board's approval was conditioned upon the plaintiff limiting the professional occupancy and use of apartment TU to one doctor and one employee. The plaintiff rejected that condition, the cooperative defendants withheld their consent to the sale, and the closing never took place.

The plaintiff subsequently commenced this action against Swingle and the corporation seeking (1) specific performance of the contract of sale, (2) the issuance of new shares of stock and the assignment of a proprietary lease to his benefit, (3) money damages against the cooperative for tortious interference with the contract of sale, (4) money damages against the cooperative for preventing him from fully instituting his medical practice, (5) a judgment, prior to his eviction from apartment TU, declaring the rights and obligations of the parties involved, and (6) an order permanently enjoining the defendants from taking steps to evict him. Each of the parties thereafter moved for summary judgment and the court granted summary judgment in favor of the defendants and dismissed the complaint. The plaintiff appealed.

Initially we note that in his brief the plaintiff has limited his appeal by virtue of the fact that he and the defendant Swingle subsequently settled the matter and he vacated the premises. Since the plaintiff has now vacated apartment TU and does not seek to pursue his rights under the contract of sale, he is no longer in need of the relief requested under the second, fifth and sixth causes of action. Therefore, we dismiss this appeal from the denial of his motion for summary judgment on those causes of action as academic.

With respect to the causes of action for money damages against the cooperative defendants, we begin with the recognition that absent a prohibited form of racial, ethnic or religious discrimination, the board of directors of a residential cooperative may generally withhold its approval of a prospective purchaser for any reason or for no reason at all (see, Weisner v 791 Park Ave. Corp., 6 NY2d 426; Rossi v Simms, 119 AD2d 137). However, here the board of directors is limited by the proprietary lease, which provides that it cannot unreasonably withhold its consent to the assignment of that lease. The lease further provides that apartment TU may be used for professional purposes if permitted by municipal regulations. The regulations of the municipality involved permit the use of the subject apartment by one doctor and two employees. Thus when the board of directors conditioned its approval of this

transaction upon the plaintiff's consent to limit the use of the apartment by only one doctor and one employee, it acted in violation of the proprietary lease and unreasonably withheld its approval of the proprietary lease assignment. The plaintiff is therefore entitled to money damages as against the cooperative defendants. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.