■ MARIA RIETER, Respondent, v SALVATORE TAVELLA, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered December 5, 1988 in Delaware County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff commenced this action seeking specific performance of a document involving the purchase and sale of certain real estate owned by defendant. Plaintiff signed a purchase offer agreement provided by defendant's broker on March 7, 1988. Defendant signed the agreement on March 19, 1988. After execution of this agreement, an inspection of the property by an engineer uncovered certain deficiencies which apparently prohibited the issuance of a certificate of occupancy. Plaintiff provided a list of these deficiencies to defendant and indicated she would like the problems corrected. Communications between the parties' attorneys eventually resulted in a letter from defendant's attorney dated May 16, 1988 which rejected plaintiff's "counter offer" and stated that the transaction was at an end because no formal sales contract was executed by the parties. Following commencement of this action, defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court denied the motion upon finding that there was an enforceable agreement between the parties. Defendant now appeals.

Defendant's principal argument on appeal is that, in finding that the agreement between the parties constitutes an enforceable agreement sufficient to satisfy the Statute of Frauds (General Obligations Law § 5-703 [2]), Supreme Court ignored an attorney approval clause in the agreement that defendant argues disposes of the case in his favor as a matter of law. Specifically, defendant contends that approval of the agreement by his attorney was an "essential element of the * * * agreement" (Nelson v Ring, 136 AD2d 878, 879) and without it there was no binding contract.

This claim lacks merit. We agree with Supreme Court that the instant agreement was clearly separated by a thick black line into two parts, the "purchase offer", containing provisions for the benefit of the purchaser, and "acceptance", containing the seller's obligations. The attorney approval clause at issue here was written into that portion of the contract pertaining to the buyer, not the seller, and, therefore, the contract

clearly called for the approval of plaintiff's attorney, not defendant's. There is no claim here that plaintiff's attorney did not approve the agreement. Defendant did not sign the agreement until 12 days after plaintiff signed, thus giving defendant more than ample time to show the contract to his attorney if necessary. In any event, defendant's acceptance of the contract as written was unconditional. Even if defendant chose to argue that the attorney approval clause in question is ambiguous, it would not change the result here. Defendant's own real estate broker provided the contract forms and, in cases of ambiguity, a contract must be construed most strongly against the party who prepared it *(Jacobson v Sassower,* 66 NY2d 991, 993).

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.