■ THOMAS PEPITONE et al., Appellants-Respondents, v CAROL E. SOFIA, Individually and Doing Business as SOFIA REALTY, Respondent-Appellant and Third-Party Plaintiff-Appellant. FREDERICK B. SEHLMEYER, Individually and as Executor of MARGARET E. SEHLMEYER, Also Known as MARGARET B. SEHLMEYER, Deceased, Third-Party Defendant-Respondent. [611 NYS2d 375] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted defendant Sofia's motion for summary judgment dismissing plaintiffs' cause of action for intentional interference with contractual relations. The real estate sales agreement between plaintiffs and third-party defendant Sehlmeyer was subject to the approval of the attorneys for both parties. That agreement was not binding and enforceable until approved by the attorneys *(see, Nelson v Ring,* 136 AD2d 878; *Rusciano Realty Serv. v*

*Skate Realty Corp.,* 116 AD2d 713). Where an agreement is voidable or unenforceable, an action does not lie for intentional interference with contractual relations unless it can be established that defendant's conduct involved fraud, duress, breach of some fiduciary duty owed to plaintiff or similar misconduct *(see, Livoti v Elston,* 52 AD2d 444; *cf., Huebener v Kenyon & Eckhardt,* 142 AD2d 185, 192-193). Plaintiffs failed to raise a triable issue of fact concerning such misconduct.

Supreme Court should have granted summary judgment in favor of plaintiffs and Sehlmeyer on Sofia's causes of action for failure to pay broker's commissions in accordance with a Commission Agreement dated June 11, 1987. The Agreement obligated plaintiffs and Sehlmeyer to pay a specified commission upon the transfer of title in accordance with a sales agreement executed that same day. Sofia, however, returned plaintiffs' deposit, which had accompanied the sales agreement, indicating to plaintiffs her disappointment that they could not consummate a transaction with Sehlmeyer and conceding that the sales agreement had been terminated. Under those circumstances, Sofia relinquished any right to recover under the Commission Agreement. Thus, we modify the order to grant summary judgment in favor of plaintiffs and Sehlmeyer on that issue.

After receiving Sofia's letter transmitting the deposit, plaintiffs commenced an action against Sehlmeyer for specific performance of the sales agreement. Plaintiffs and Sehlmeyer, in settlement of that action, entered into a contract of sale for the subject property at the same price provided in the original sales agreement. Although Sofia's cause of action based on the Commission Agreement is dismissed, Sofia and Sehlmeyer entered into a separate brokerage contract, the terms of which do not appear in the record. Under the circumstances of this case, dismissal of Sofia's causes of action to recover under the Commission Agreement is without prejudice to whatever rights Sofia may have under her brokerage contract with Sehlmeyer. Further, a factual issue remains whether Sehlmeyer is entitled to recover damages on the cross claim (technically, counterclaim) asserted in his third-party answer for Sofia's alleged breach of fiduciary duty in failing to obtain the highest market value for the subject property. Supreme Court properly denied Sofia's motion for summary judgment in that respect. (Appeal from Order of Supreme Court, Nassau County, Lockman, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.