[650 NYS2d 496]

FRED W. ULRICH et al., Respondents, v RICHARD A. DALY et al., Appellants, et al., Defendant.

Third Department, December 5, 1996

### APPEARANCES OF COUNSEL

*Wein, Young, Fenton & Kelsey, P. C.,* Guilderland *(Michael Kurz* of counsel), for appellants.

*Carter, Conboy, Case, Blackmore, Napierski & Maloney, P. C.,* Albany *(Joseph T. Johnson* of counsel), for respondents.

### OPINION OF THE COURT

Casey, J.

Plaintiffs, as purchasers, and defendants Richard A. Daly and Dorothy J. Daly (hereinafter collectively referred to as defendants), as sellers, entered into a written contract for the sale of real property in Albany County. The contract contained an attorney approval clause which provided, in pertinent part, that "[t]his agreement is contingent upon Purchaser and Seller obtaining approval of this Agreement by their attorney as to all matters contained therein". The clause further provided for a waiver of the contingency in the absence of written notice of an attorney's disapproval by a specified date. The contract of sale also contained a mortgage contingency clause.

Within the time specified for attorney disapproval, defendants and their attorney received a purchase offer from other parties. Due to the absence of a mortgage contingency clause in the other offer, and the earlier closing date and better purchase price of the other offer, defendants' attorney gave timely written notice of disapproval of the contract with plaintiffs.

Plaintiffs thereafter commenced this action for specific performance of their contract with defendants. Supreme Court ultimately granted summary judgment to plaintiffs and entered an order which directed defendants to perform the contract with plaintiffs. In a second order, Supreme Court denied defendants' motion to renew and/or reargue. Defendants appeal both orders.

The dispositive issue in this appeal is whether the attorney approval clause permits the parties' attorneys to consider extrinsic matters in the approval process. Plaintiffs contend that the phrase "as to all matters contained therein" precludes the attorneys from considering anything other than the

language of the agreement itself. Supreme Court agreed with plaintiffs. We do not.

The only limitation contained in the relevant provision of the attorney approval clause is that attorney approval or disapproval be based upon a matter contained in the contract. In this case, the attorney disapproved of the contingency clause, closing date and price, all matters contained in the contract. There is nothing in the attorney approval clause which prohibits the attorney from considering matters extrinsic to the contract in deciding whether to approve or disapprove the matters contained in the contract. Such a prohibition would severely limit the attorney's ability to advise his client. For example, if plaintiffs are correct, a seller's attorney would be unable to disapprove a mortgage contingency clause which specifies an interest rate so far below the prevailing rate that it would be impossible for the purchaser to satisfy the contingency. The prevailing rate is an extrinsic matter which could not be considered. In essence, plaintiffs seek to limit the attorney approval process to consideration of the form of the contract only, for reference to extrinsic matters would often be required in reviewing substantive matters in the contract. We are of the view that if the parties had intended the limitation urged by plaintiffs, they would have included it (*see, Youla v Rappaport*, 115 NYS2d 408). As the contract form was chosen by plaintiffs, we will not, under the guise of construction, add the limitation urged by plaintiffs (*see, Slamow v Del Col*, 174 AD2d 725, 726-727, *affd* 79 NY2d 1016).

Relying on *McKenna v Case* (123 AD2d 517), plaintiffs also contend that the attorney approval condition must be deemed waived because defendants acted in bad faith. In contrast to the *McKenna* case, however, there is no evidence that defendants interfered and prevented their attorney from considering the contract. It is clear that in comparing the various terms of the other offer with the corresponding terms of the parties' contract, defendants' attorney considered the contract. That the attorney's review of the matter included consideration of the other offer does not establish bad faith, for the attorney approval clause does not prohibit consideration of extrinsic matters.

Based upon the foregoing analysis, plaintiffs are not entitled to specific performance and summary judgment should be granted to defendants dismissing the complaint.

MIKOLL, J. P., YESAWICH JR., SPAIN and CARPINELLO, JJ., concur.

Ordered that the orders are reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to defendants and complaint dismissed.