■ INTERNATIONAL MARINE INVESTORS AND MANAGEMENT CORPORATION, Respondent, v JOHN C. WIRTH, JR., Appellant. [666 NYS2d 503] —In an action to recover under a suretyship agreement, the defendant appeals (1), from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 8, 1996, which denied his motion to dismiss the fifth cause of action and granted the plaintiff's cross motion for summary judgment on the fifth cause of action, (2), as limited by his brief, from so much of an order of the same court, entered June 19, 1996, as, upon granting his motion, in effect, for reargument, adhered to the prior order entered May 8, 1996, (3), as limited by his brief, from so much of an order and partial judgment (one paper) of the same court, also entered June 19, 1996, as awarded the plaintiff summary judgment on the first and second causes of action and directed that judgment be entered in favor of the plaintiff in the principal amount of $843,165, and (4), from a judgment of the same court, entered July 1, 1996, which is in favor of the plaintiff and against the defendant in the principal sum of $843,165.

Ordered that the appeals from the orders entered May 8, 1996, and June 19, 1996, respectively, and the order and partial judgment also entered June 19, 1996, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeals from the intermediate orders and the order and

partial judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders and the order and partial judgment are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

" 'It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations' " (*Weisberger v Goldstein,* 242 AD2d 622, quoting *Slamow v Delcol,* 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see also, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163; *Mazzola v County of Suffolk,* 143 AD2d 734, 735). Whether or not a writing is ambiguous is a question of law to be resolved by the courts (*see, W.W.W. Assocs. v Giancontieri, supra,* at 162; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191).

Under the terms of the surety contract involved in this case, the defendant clearly and unambiguously agreed that his liability as a surety could not be determined until 18 months after the contract date, February 23, 1989, unless the prime debtor's collateral assets had been liquidated earlier. The defendant would have this Court interpret the contract provision to mean that his liability as a surety was limited solely to 18 months from the contract date. The interpretation the defendant urges is contrary to the plain words utilized in the contract, and language to give effect to that interpretation was readily available had it been the intention of the parties to include such a limitation (*see, Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 604; *Slamow v Delcol, supra,* at 726; *Ting v Dean,* 156 AD2d 358, 359; *Silva v Celella,* 153 AD2d 847). There can be no doubt that if the defendant, an attorney, had intended a more specific, limited, or narrower meaning for the terms used, then the burden was upon him, as the drafter of the surety agreement, to so specify, and his failure to do so must not operate to the plaintiff's detriment (*see, Slamow v Delcol, supra,* at 726; *Mazzola v County of Suffolk, supra,* at 735).

Moreover, to the extent that this provision of the agreement is ambiguous, it should be construed against its drafter, the defendant (*see, Jacobson v Sassower,* 66 NY2d 991, 993; *O'Brien v West,* 199 AD2d 369, 371; *Rieter v Tavella,* 157 AD2d 894, 895).

The defendant's remaining contentions are without merit.

Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.