OPINION OF THE COURT
Thomas A. Standee, J.
The defendants, Manuel Brontman and Muriel Brontman, submit a motion seeking summary judgment dismissing the plaintiffs’ complaint and canceling the lis pendens pursuant to CPLR 6514, and seeking sanctions against the plaintiffs for bringing a frivolous lawsuit and for abuse of process.
The plaintiffs, Charles Christ and Anne Christ, submit a cross motion seeking an order granting plaintiffs summary judgment against defendants, and awarding specific performance to the plaintiffs.
“Any party may move for summary judgment in any action, after issue has been joined”. (CPLR 3212 [a].) In the instant case the defendants and the plaintiffs have both submitted motions seeking summary judgment. However, issue has not been joined in this case as no answer has been served. Counsel for both parties submitted consent in writing waiving notice by the court of treatment of the motion for summary judgment pursuant to CPLR 3211. Therefore, this court will consider the motions for summary judgment.
The plaintiffs commenced an action against the defendants requesting specific performance of a purchase and sale contract, attorney’s fees, and punitive damages.
On August 28, 1997 the plaintiffs submitted an offer to purchase 29 Country Club Drive, Pittsford, New York, to the defendant sellers. The sellers counteroffered the same day, August 28, 1997, with a change in the purchase price only. The buyers then countered with a different price on August 29, 1997. This final counteroffer by plaintiffs, the buyers, was initialed by both the buyers and the sellers. Although the defendant sellers’ attorney asserts that this counteroffer was never accepted, there is no affidavit from the defendant sellers indicating that the initials are not theirs. In addition, the parties conducted themselves as though there was an accepted agreement. Therefore, this court determines that there was a valid and binding contract between the sellers and the buyers with a purchase price of $184,500. (See, Satterly v Plaisted, 52 AD2d 1074 [4th Dept 1976], affd 42 NY2d 933 [1977].)
*476 The purchase and sale contract (Contract) entered into by the parties on August 29,1997[1] contains a number of contingencies. The two contingencies at issue on this motion are the attorney approval and the engineer’s inspection. The Contract terms for contingencies states “Buyer makes this offer subject to the following contingencies. If any of these contingencies is not satisfied by the dates specified, then either Buyer or Seller may cancel this contract by written notice to the other.” (Purchase and sale contract ¶ 4.)
A. Engineering Inspection
The Contract contains a contingency of an “engineering inspection at buyers expense and satisfaction w/in five days of acceptance.” The plaintiff buyers had an engineer inspection and thereafter submitted a removal of contingency document dated September 3, 1997. Such removal of contingency document contained an exception that “the buyer will receive a $425.00 credit at closing to address the following [specified] items” which need repair. The engineer’s inspection contingency in the Contract does not address the circumstance where there were defects in the property which needed to be repaired. The language inserted in the removal of the contingency document is an attempt by the buyer to negotiate payment for the repairs which the inspection discovered.
Subsequently, by letter dated the same day (Sept. 3, 1997) from Raymond L. Ruff, attorney for the buyers, and delivered September 4, 1997 to the sellers’ attorney, the Contract was approved and the attempted negotiation for reimbursement for repairs based on the engineering inspection in the removal of contingency document was withdrawn. The buyers therein approved the engineering inspection.
The engineering inspection contingency is for the benefit of the buyer. When a contingency in a purchase and sale contract is for the sole benefit of the buyer, the buyer may waive that contingency without the consent of the seller. (Regional Gravel Prods. v Stanton, 135 AD2d 1079 [4th Dept 1987], lv dismissed and denied 71 NY2d 949 [1988]; see, Satterly v Plaisted, supra [4th Dept 1976].) In the instant case, the plaintiff buyers waived this contingency by an attorney’s letter delivered on September 4, 1997. The buyers’ attempt to negotiate an amendment regarding the costs of repairs, and *477 the sellers’ refusal to agree does not void the original purchase and sale contract. (See, Rieter v Tavella, 157 AD2d 894 [3d Dept 1990].)
B. Attorney Approval
The Contract also contains an attorney approval contingency: “This contract is subject to the written approval of attorneys for Buyer and Seller within 3 Bank days from date of acceptance (the ‘Approval Period’). If either attorney makes written objection to the contract within the Approval Period, and such objection is not cured by written approval by both attorneys and all of the parties within the Approval Period, then either Buyer or Seller may cancel this contract by written notice to the other and any deposit shall be returned to the Buyer.”
Generally, if the language in the contract so provides, a real estate sales agreement which is subject to the approval of attorneys is not binding and enforceable until approved by the attorneys. (Pepitone v Sofia, 203 AD2d 981 [4th Dept 1994]; Nelson v Ring, 136 AD2d 878 [3d Dept 1988].) The application of this general proposition requires the court to consider the specific language contained in the Contract as an essential term. (Nelson v Ring, at 879; see, Pepitone v Sofia, supra.)
The attorney contingency clause contained in the Contract requires the buyers or sellers to take affirmative action, by written notice to the other party, of any objections in the Contract. Additional process was required before either party could cancel the Contract.[2] Otherwise the Contract was binding on both parties. The sellers did not give written notice to the buyers that the Contract was being canceled based on the failure of the attorney approval contingency.
Instead, by letter of Mervyn A. Salzman, attorney for the sellers, dated September 4, 1997, the sellers indicated they “do not agree to the contingency dated 9/3/97 whereby the proposed buyers changed the offer to give them a credit for $450.00 for repairs * * * The Brontmans thereby elect to declare the above captioned offer, null and void.” However, the modification or amendment sought by the buyers to the agreement was not a contingency in the Contract, nor was it a counteroffer on the Contract. Therefore, this was not a basis for the sellers to object to the Contract and cannot be a basis for the seller to void or rescind the Contract. (See, Rieter v Tavella, supra.)
*478 The Contract language clearly sets forth that the attorney for either party could make written objection to the Contract. Without question the sellers could object to the modification requesting payment for repairs; however, the underlying Contract was still a binding agreement for the purchase and sale of the property.
CONCLUSION
The plaintiff buyers have a valid, enforceable purchase and sale agreement with the defendant sellers. The contingencies regarding the engineer’s inspection and the attorney approval do not afford a basis for the sellers to void or rescind the Contract. The express terms of the Contract are binding on both parties.
ORDER
It is hereby ordered that the motion of defendants, Manuel Brontman and Muriel Brontman, seeking summary judgment dismissing the plaintiffs’ complaint and canceling the lis pendens and seeking sanctions is denied; it is further ordered that the cross motion of plaintiffs, Charles Christ and Anne Christ, seeking an order granting plaintiffs summary judgment against defendants and awarding specific performance to the plaintiffs on their first cause of action is granted; it is further ordered that the cross motion of plaintiffs, Charles Christ and Anne Christ, seeking an order granting plaintiffs summary judgment against defendants on their second cause of action for compensatory damages is denied; and it is further ordered that the cross motion of plaintiffs, Charles Christ and Anne Christ, seeking an order granting plaintiffs summary judgment against defendants on their third cause of action for punitive damages is denied.

. Although the initials are not specifically dated, August 29, 1997 would be the earliest possible date of the acceptance.

. The attorney approval contingency contract language requires a period to cure any written objection. Thereafter, if such objection is not cured, then either party may cancel the contract by writtén notice to the other. The process set forth in the Contract was not followed by the sellers.