PETER J. NIEDERHOFER, Appellant, v JOHN J. LINDNER, Respondent. [775 NYS2d 705]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered December 4, 2002. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking specific performance of a contract for the purchase of real estate from defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The contract was subject to the approval of the attorneys for both parties within a seven-day approval period, and either party was entitled to cancel the contract if such approval was not provided by either attorney within that approval period. Neither attorney approved the contract within the approval period, and defendant's attorney thereafter expressly refused to approve the contract and declared it null and void. Thus, the contract is not binding and enforceable (*see Pepitone v Sofia,* 203 AD2d 981 [1994]; *Nelson v Ring,* 136 AD2d 878, 879 [1988]). We reject plaintiff's contention that defendant's attorney improperly considered extrinsic matters in refusing to approve the contract. The contract does not limit the matters that may be considered by the parties' attorneys in deciding whether to approve it (*see Ulrich v Daly,* 225 AD2d 229, 231 [1996]). Contrary to plaintiff's further contention, there is no evidence that defendant acted in bad faith (*see id.; Nelson,* 136 AD2d at 880). Finally, even if the contract required that notice of cancellation be provided directly to plaintiff rather than his attorney, defendant submitted evidence establishing that such notice was provided. Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.