■ CRAIG SCHRECK et al., Respondents, v THOMAS A. SPINARD, Appellant. [788 NYS2d 214]—

Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered January 23, 2004 in Ulster County, which, inter alia, granted plaintiffs' cross motion for summary judgment directing specific performance of a real estate contract.

Plaintiffs commenced this action seeking specific performance of a written agreement for the purchase of real property from defendant. The agreement provided that it was "subject to attorney approval within 21 days." Fifteen days later, defendant notified plaintiffs that he had received a better offer for the property and that, accordingly, his attorney would not approve the agreement. Supreme Court denied defendant's motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion for specific performance instead. Defendant appeals and we reverse.

When an agreement is subject to attorney approval, it is not binding and enforceable until it is approved, and expiration of the specified period without approval by the attorney renders the agreement nonbinding and unenforceable (*see Niederhofer v Lindner*, 6 AD3d 1218, 1218 [2004]; *Ulrich v Daly*, 225 AD2d 229, 230-231 [1996]; *Pepitone v Sofia*, 203 AD2d 981, 981-982

[1994]; *Nelson v Ring,* 136 AD2d 878, 879 [1988]). Also, since the agreement does not limit the matters that the attorney may consider in deciding whether to approve it (*see Ulrich v Daly, supra* at 231), it is irrelevant that the agreement was disapproved for no reason other than that defendant had the opportunity to sell the property to a third party at a higher price. Nor do we find any merit in plaintiffs' contention that the loan contingency language in the agreement reflects an intent to supersede the attorney approval provision. Accordingly, plaintiffs are not entitled to specific performance and summary judgment should have been granted to defendant.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiffs' cross motion denied, defendant's motion granted, summary judgment awarded to defendant and complaint dismissed.