■ MATTHEW ROWE, Respondent, v ESTATE OF HAROLD J. SAMUELS, Deceased, et al., Appellants. [839 NYS2d 590]—

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 15, 2006 in Essex County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff entered into a contract to purchase a parcel of real property from defendant Estate of Harold J. Samuels. Defendant Richard F. Anderson Jr., executor of the estate, signed the contract on behalf of the estate. The contract contained an attorney review clause, providing that if either party elected to consult an attorney then the contract was subject to such attorney's review within five business days of delivery of the signed contract, and the contract was legally binding if no attorney review was undertaken or if neither party's attorney gave notice of disapproval within the five-day period. Anderson, who is a partner at defendant law firm Ianniello, Anderson & Reilly, P.C., retained defendant Peter E. Reilly, his law partner, on behalf of the estate to review the contract. Reilly sent notice of attorney disapproval one day after receipt of the signed contract because the estate received a higher bid for the property.

Plaintiff commenced this action for breach of contract, seeking specific performance or money damages. Defendants moved for summary judgment dismissing the complaint. Plaintiff opposed the motion, contending, among other things, that Anderson acted as both the estate's executor and attorney in

signing the contract, thereby signaling attorney approval and estopping the estate from canceling the contract based on another attorney's review. Supreme Court denied the motion, finding a question of fact as to whether Anderson acted as attorney for the estate when he signed the contract. Defendants appeal.

Initially, the parties agree that the contract unambiguously permits disapproval by a party's attorney, this provision is enforceable, an attorney may legitimately disapprove a contract because the party received a higher bid and Reilly provided notice of disapproval within the required time frame (see *Schreck v Spinard*, 13 AD3d 1027 [2004]; *Ulrich v Daly*, 225 AD2d 229, 231 [1996]). The only question plaintiff poses is whether a material factual issue exists concerning Anderson's possible status as attorney for the estate, raising the specter of estoppel, so as to prevent summary judgment. The contract's attorney review clause did not require affirmative attorney approval, nor was such approval given in this case. The clause merely provided that a party may have the document reviewed by an attorney, who could disapprove the contract. Even if Anderson signed the contract as attorney for the estate, the clause did not prevent a party from retaining a different attorney to review the contract and disapprove it within the time limit, presumably so long as no notice of affirmative approval was given which may estop that party from reversing position. While there may be a question as to whether Anderson was acting in a dual capacity as executor and attorney for the estate when he signed the contract, that does not create a material issue of fact preventing summary judgment. No formal attorney approval was provided to plaintiff, the estate retained attorney Reilly to review the contract, and Reilly timely disapproved the contract in accordance with the attorney review clause. Hence, defendants were entitled to summary judgment dismissing the complaint.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.