Matter of Schulte (2023 NY Slip Op 05382)

Matter of Schulte

2023 NY Slip Op 05382

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Kern, J.P., Singh, Gesmer, Scarpulla, JJ. 

File No. 4582/05 Appeal No. 898 Case No. 2023-00272 

[*1]In the Matter of David A. Schulte, Jr., Deceased.
Sandra Schulte, as Limited Administrator CTA of the Estate of David A. Schulte, Jr., Cross-Claimant-Appellant,
1125 Park Avenue Corporation, Respondent-Respondent.

Dilworth Paxson LLP, New York (Ira N. Glauber of counsel), for appellant.
Braverman Greenspun P.C., New York (Tracey Peterson of counsel), for respondent.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered November 23, 2022, which denied cross-claimant's motion for leave to further amend the cross -claim and granted respondent's motion for summary judgment dismissing the cross- claim, unanimously affirmed, without costs.
Surrogate's Court providently exercised its discretion (see e.g., Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290, 293 [1st Dept 2004]) by denying the motion to further amend the cross-claim. "Where there has been an extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay" (id. [internal quotation marks omitted]). The original cross-claim was interposed by decedent David A. Schulte's executor in or about 2013. In November 2017, the court granted cross-claimant's request for limited letters of administration and substituted her as executor. Cross-claimant did not move to amend the cross-claim until January 2021  nearly eight years after the proceeding was commenced  and after the close of discovery and after respondent had moved for summary judgment. Even if one accepts that cross-claimant (who was also the petitioner) gave respondent notice of the substance of the amendment to the cross-claim in her August 2020 motion for leave to file a second amended petition there was still an extended delay. Although cross-claimant proffered excuses, we agree with Surrogate's Court that they were not reasonable.
Based on cross-claimant's allegations, the court must evaluate the co-operative board's conduct under the business judgement rule. Cross-claimant failed to raise triable issues as to whether respondent acted "in a way that did not legitimately further the corporate purpose or in bad faith," which would be necessary to trigger further judicial scrutiny (40 W. 67th St. v Pullman, 100 NY2d 147, 155 [2003]). Further, cross-claimant does not allege discriminatory conduct and absent discrimination based on "race, color, religion, national original or ancestry." Co-operative boards, such as respondent's, can "decide for themselves with whom they wish to share their elevators, their common halls and facilities, their stockholders' meetings, their management problems and responsibilities and their homes" (Weisner v 791 Park Ave. Corp., 6 NY2d
426, 434 [1959]; see also e.g. Estate of Del Terzo v 33 Fifth Ave. Owners Corp., 136 AD3d 486, 488 [1st Dept 2016], affd 28 NY3d 1114 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023